[Civ. No. 22869. Third Dist. Nov. 6, 1984.]

ELIZABETH GREEN et al., Plaintiffs and Appellants, v.
MARIO OBLEDO, as Director, etc., et al., Defendants and Respondents.

COUNSEL

Thomas W. Pulliam, Jr., and David J. Rapport for Plaintiffs and Appellants.

John K. Van de Kamp, Attorney General, Thomas E. Warriner, Assistant Attorney General, and Richard M. Ross, Deputy Attorney General, for Defendants and Respondents.

OPINION

**BLEASE, J.**—The plaintiffs were denied enforcement of a final judgment for attorneys' fees, entered following their success in an action which invalidated a state welfare regulation. (See *Green* v. *Obledo* (1981) 29 Cal.3d 126 [172 Cal.Rptr. 206, 624 P.2d 256].) The trial court held that payment is precluded by restrictions in the state Budget Act. There is no such impediment. We will reverse the trial court's order.

## Procedural and Factual Background

Plaintiffs, Elizabeth Green and others, were denied aid to families with dependent children (AFDC) benefits because a state welfare regulation disallowed work-related expenses. The California Supreme Court upheld a judgment declaring that the regulation was invalid as a violation of federal law. (*Green, supra,* 29 Cal.3d at pp. 134-140.) The plaintiffs filed a cost bill for appellate attorney fees of $34,439. (See Code Civ. Proc., § 1034.) It was not opposed and the award became final in 1981. Plaintiffs then sought attorneys' fees for their services in the trial court on the grounds that "at least two statutes authorize such an award," namely Welfare and Institutions Code section 10962 and Code of Civil Procedure section 1021.5. In 1982 they were awarded fees for services in the trial court in the amount of $53,246.25. No appeal was taken from this order.

Plaintiffs were not paid their attorney fees. They sought an order in the trial court, predicated upon 42 United States Code section 1988, compelling the defendant Director of the Department of Social Services to submit a claim to the Controller and compelling the Controller and Treasurer to authorize and pay the claim. The motion was denied. This appeal followed.

## Discussion

The award of attorneys' fees was predicated (in part) upon provisions of state law which arguably are subject to monetary restrictions in the state Budget Acts. To avoid these potential impediments to payment, the plaintiffs sought enforcement of the award predicated upon the federal Civil Rights Act (42 U.S.C. § 1988)[1] which, they say, suffers no such impediment. Section 1988 applies only when the action arises under the substantive provisions of the act, here 42 United States Code section 1983.[2] The defendants rejoin that by this move the plaintiffs seek to add a new (federal) cause of action after judgment. Failing this argument, defendants challenge the jurisdiction of the court to predicate attorneys' fees upon a federal claim which entails payment of moneys restricted by the budget acts. We review these challenges seriatim.

---

[1]Section 1988 provides in pertinent part: "In any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985, and 1986 of this title, title IX of Public Law 92-318, or title VI of the Civil Rights Act of 1964, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs."

[2]Section 1983 provides in pertinent part: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

I

■ Whether the plaintiffs tendered a section 1983 claim in the underlying action is measured by their pleadings. They alleged Woods adopted and enforced a regulation which violated a federal statute governing the AFDC program, resulting in the improper denial of federal benefits to plaintiffs. This pleads a section 1983 claim. Under our code pleading system (see 3 Witkin, Cal. Procedure (2d ed. 1971) Pleading, § 1) the complaint need only contain a "statement of the facts constituting the cause of action, in ordinary and concise language." (Code Civ. Proc., § 425.10, subd. (a); 3 Witkin, Cal. Procedure, *supra*, § 268 et seq.) No label is required.

Whether the facts alleged tender a section 1983 claim is measured by federal law. (*Bach* v. *County of Butte* (1983) 147 Cal.App.3d 554, 560-563 [195 Cal.Rptr. 268].) "[I]n any § 1983 action the initial inquiry must focus on whether the two essential elements to a § 1983 action are present: (1) whether the conduct complained of was committed by a person acting under color of state law; and (2) whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." (*Parratt* v. *Taylor* (1981) 451 U.S. 527, 535 [68 L.Ed.2d 420, 428, 101 S.Ct. 1908].) The denial of AFDC benefits by state officials in violation of federal statutes presents a classic section 1983 claim. (E.g. *Shea* v. *Vialpando* (1974) 416 U.S. 251 [40 L.Ed.2d 120, 94 S.Ct. 1746]; *Maine* v. *Thiboutot* (1980) 448 U.S. 1, 2-8 [65 L.Ed.2d 555, 558-562, 100 S.Ct. 2502].)

The defendants rely upon *Logan* v. *Southern Cal. Rapid Transit Dist.* (1982) 136 Cal.App.3d 116 [185 Cal.Rptr. 878]. *Logan* held that a complaint, which alleged a violation of procedural due process as a legal conclusion, failed to state a claim under section 1983. Conclusory assertions are insufficient to state a section 1983 claim. (See *Agnew* v. *City of Compton* (9th Cir. 1956) 239 F.2d 226, 231-232.) That did not happen here. The complaint identifies the federal statute and details the facts showing a deprivation of a right secured by federal law. The plaintiffs prevailed on this ground. (See *Green* v. *Obledo, supra,* 29 Cal.3d 126.)

■ Having prevailed on the section 1983 claim, attorneys' fees may be awarded plaintiffs under section 1988. "It follows from [the legislative history of section 1988] and from the Supremacy Clause that the [attorneys] fee provision is part of the § 1983 remedy whether the action is brought in federal or state court." (*Maine* v. *Thiboutot, supra,* 448 U.S. at p. 11 [65 L.Ed.2d at p. 563]; cf. *Serrano* v. *Unruh* (1982) 32 Cal.3d 621, 638, fn. 26 [186 Cal.Rptr. 754, 652 P.2d 985].) This court has so held. (See *Filipino*

*Accountants' Assn.* v. *State Bd. of Accountancy* (1984) 155 Cal.App.3d 1023, 1032 [204 Cal.Rptr. 913].)

But, say the defendants, section 1988 cannot support the enforcement of the attorney fees award since section 1988 was not explicitly tendered as a ground of the award. This argument sounds in estoppel. It is not persuasive. It is true that a portion of the attorney fees award (for work in the trial court) was predicated upon state law entitlements without mention of section 1988. But that is a fact without significance. The criteria for the calculation of attorneys' fees are the same under both sections. (*Serrano, supra,* 32 Cal.3d at pp. 638-639, fns. 27-29.) The state was not disadvantaged in the measurement of fees by the subsequent reliance on section 1988 as a ground justifying enforcement of the award. The state points to no issue concerning the section 1988 award not subsumed in the prior adjudication.[3]

## II

Failing these arguments, the defendants attack the jurisdiction of the court to invoke section 1988 because, so they say, that would engender a confrontation between federal law and state Budget Act restrictions, resulting in a usurpation of the Legislature's power to appropriate funds. The plaintiffs respond that the federal supremacy clause preempts the restrictions.[4] We need not play host to a confrontation because the state Budget Acts, properly construed, impose no restrictions upon the payment of attorney fees predicated upon section 1988. (See generally e.g. *Palermo* v. *Stockton Theatres, Inc.* (1948) 32 Cal.2d 53, 65-66 [195 P.2d 1].)

The plaintiffs seek enforcement of the fee awards by an order compelling the Director of the Department of Social Services to submit a claim to the Controller for payment of the fees award. The defendants concede that, in the absence of a budget restriction, the satisfaction of a fee award entered against a state official, sued in his official capacity, may be obtained from funds appropriated to the operating expense account of the responsible state

---

[3]Analogously, an appellant may change his theory on appeal, to support or attack judicial action, when a question of law alone is presented on the uncontested facts. (See 6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, § 288.) Moreover, we note that newly enacted attorney fee statutes may be applied to cases pending on appeal. (See *Woodland Hills Residents Assn., Inc.* v. *City Council* (1979) 23 Cal.3d 917, 931-932 [154 Cal.Rptr. 503, 593 P.2d 200].) Nothing is gained by compelling the prevailing plaintiff to "run up the bill" with duplicative briefing in fee proceedings. The party who must foot the bill for such superfluity is the defendant. (See *Serrano* v. *Unruh, supra,* 32 Cal.3d at pp. 638-639.)

[4]For reasons which appear in the text, we do not reach this issue. However, we note that the defendants' argument has been rejected by the Ninth Circuit Court of Appeals. "[A] state cannot frustrate the intent of section 1988 by setting up state law barriers to block enforcement of [such] an attorney's fees award." (*Spain* v. *Mountanos* (9th Cir. 1982) 690 F.2d 742, 746.)

agency. (See *Mandel* v. *Myers* (1981) 29 Cal.3d 531, 542-545 [174 Cal.Rptr. 841, 629 P.2d 935]; but see *Sullivan* v. *Gage* (1905) 145 Cal. 759, 765-769 [79 P. 537].)[5]

But, defendants claim that there *is* a restriction in the state Budget Acts. They imply it from a fusion of two provisions of the acts. The first provides that "[w]henever [] an appropriation is made in accordance with a schedule [], the expenditures from such item for each *category, program,* or *project* included in the schedule shall be limited to the amount specified [], except as otherwise provided . . . ." (Italics added.)[6] The second limits attorney fee awards, *"but only* [those awards made] pursuant to the provisions of Code of Civil Procedure section 1021.5, the 'private attorney general' doctrine, or the 'substantial benefit' doctrine . . . ." (See item number 9810-001-001 in Stats. 1982, ch. 326, § 2; Stats. 1983, ch. 324, § 2; Stats. 1984, ch. 258, § 2 [hereafter collectively item 9810-001-001];[7] italics added.) This latter provision, the defendants assume, establishes the categories for attorney fee awards and the amounts to which the limitation applies. Defendants then analogize a section 1983 action to one brought as a "private attorney general," thereby bringing this action within one of the specified categories. The argument is unpersuasive.

The argument assumes that item 9810-001-001 is the only budgetary source of money for attorney fees, thus justifying a broadened use of anal-

---

[5]Under California law "where a statute gives the right to fees, they are considered costs." (See 4 Witkin, Cal. Procedure (1983 supp. to vol. 4) Judgment, § 124C, p. 279; *id.* (2d ed. 1971) § 116; cf. *T.E.D. Bearing Co.* v. *Walter E. Heller Co.* (1974) 38 Cal.App.3d 59 [112 Cal.Rptr. 910]; *Beneficial Standard Properties, Inc.* v. *Scharps* (1977) 67 Cal.App.3d 227 [136 Cal.Rptr. 549].) However, we note that this point was left undetermined in *Mandel, supra,* 29 Cal.3d at page 545, footnote 7. The payment of costs is specifically provided for by statute. "Notwithstanding any other provisions of law, when the State is a party, costs shall be awarded against it on the same basis as against any other party and, when awarded, must be paid out of the appropriation for the support of the agency on whose behalf the State appeared." (Code Civ. Proc., § 1028.)

[6]Section 3 of the Budget Act of 1983 (Stats. 1983, ch. 324, p. 398) reads in pertinent part as follows: "Whenever herein an appropriation is made in accordance with a schedule set forth after such appropriation, the expenditures from such item for each *category, program,* or *project* included in the schedule shall be limited to the amount specified for such category, program, or project, except as otherwise provided in this act. Each such schedule is a restriction or limitation upon the expenditure of the respective appropriation made by this act, does not itself appropriate any money, and is not itself an item of appropriation." (Italics added.)

[7]Item 9810-001-001 of the Budget Act of 1982 provides, in relevant part: "For payment of attorney fee claims, settlements, compromises, and judgments against the state, its officers, and officers and employees of state agencies, departments, boards, bureaus or commissions, supported from the General Fund, *but only* pursuant to the provisions of Code of Civil Procedure Section 1021.5, the 'private attorney general' doctrine, or the 'substantial benefit' doctrine . . . ." (Italics added.) The provisions which accompany this appropriation, inter alia, restrict the availability to a maximum of $50,000 per action and to an hourly rate of recompense equal to that charged by the Attorney General. (*Ibid.*)

ogy. That is not the case; the listed grounds subsume but one statutory basis (among many) and two (judicially created) common law bases (among several) of recovery of attorneys' fees. The provision only addresses the specified kinds of cases; a section 1988 case is not specified. If the term "'private attorney general' doctrine" were to subsume analogous statutory authorizations for the payment of fees, there would be no need to separately specify Code of Civil Procedure section 1021.5, as the item does, for it is such. (*Woodland Hills, supra,* 23 Cal.3d at p. 933.) The item does not embrace the statutory ground of section 1988.

We will not read in an expansion of the restricted categories of the item because to do so would impede the payment of the state's debts. The plaintiffs have a final judgment that the state is indebted to them in the amount of the attorney fees awarded. ■ The Legislature has the *power* to prevent judicial enforcement of certain debts where moneys have not been appropriated for their payment. However, the exercise of that power must not be lightly implied. Any repudiation of a lawful debt is an injustice. (*McCauley* v. *Brooks* (1860) 16 Cal. 11, 51.) ■ We will not impute such a purpose to legislation unless it is unambiguously expressed. It is not.

Moreover, to infer that a section 1988 award is within the restrictive scope of item 9810-001-001 would place the Legislature at loggerheads with the Congress. "Congress recognized that [federal Civil Rights Acts] suits brought against individual officers for injunctive relief are for all practical purposes suits against the State itself. The legislative history [of section 1988] makes it clear that in such suits attorney's fees awards should generally be obtained 'either directly from the official, in his official capacity, from funds of his agency or under his control, or from the State or local government (whether or not the agency or government is a named party).' S. Rep. No. 94-1011, p. 5 (1976)." (*Hutto* v. *Finney* (1978) 437 U.S. 678, 700 [57 L.Ed.2d 522, 540, 98 S.Ct. 2565]; also cf. Code Civ. Proc., § 1028, fn. 5, *ante.*)

Item 9810-001-001 does not restrict the payment of attorney fee awards, arising under section 1988, out of the operating budget of the Department of Social Services.[8]

---

[8]Budget Act provisions reinforce this conclusion by acknowledging the propriety of the payment of fees expressly authorized by any statute other than Code of Civil Procedure section 1021.5. Thus: "4.50. No funds appropriated by this act may be used to pay court-awarded attorney's fees *unless* payment of such fees is either: (a) Specifically authorized and set forth in an item or section of this act; or (b) *Expressly authorized by a statutory provision other than Section 1021.5 of the Code of Civil Procedure.* [¶] Provided that this section shall not be construed as making an appropriation of funds for the payment of court-awarded attorney's fees." (Stats. 1982, ch. 326, § 4.50; Stats. 1983, ch. 324, § 5.00; Stats. 1984, ch. 258, § 5.00; italics added.) This says that, despite the absence of an express

*Disposition*

The judgment of the trial court is reversed insofar as it declines to order submission of the attorneys' fee claim to the Controller. The trial court is directed to modify the judgment to order the Director of the State Department of Social Services to submit the attorney fees judgment claim to the Controller for payment. (See Code Civ. Proc., § 708.710 et seq., esp. § 708.740.) Any further relief is premature. There is no reason to believe the Controller would refuse to authorize, or the Treasurer refuse to pay, a lawful claim upon the state's fisc. As modified, the judgment is affirmed.

Evans, J., concurred.

Regan, Acting P. J., concurred in the result.

A petition for a rehearing was denied December 5, 1984, and the opinion was modified to read as printed above. Respondents' petition for a hearing by the Supreme Court was denied February 14, 1985. Bird, C. J., did not participate therein. Mosk, J., was of the opinion that the petition should be granted.

---

authorization for payment of attorney fees in an appropriation item, funds otherwise appropriated by the Budget Act may be used for the payment of fees, if the award is expressly authorized by a statutory provision other than Code of Civil Procedure section 1021.5. Section 1988 fits this bill.