George W. ALLEN, Appellant,

v.

DISTRICT OF COLUMBIA, et al., Appellees.

No. 85–95.

District of Columbia Court of Appeals.

Argued Oct. 21, 1985.

Decided Jan. 16, 1986.

---

  * * * * * *

Allen M. Lenchek, Washington, D.C., for appellant.

Beverly J. Burke, Asst. Corp. Counsel, Washington, D.C., with whom Inez Smith Reid, Corp. Counsel, John H. Suda, Principal Deputy Corp., and Charles L. Reischel, Deputy Corp. Counsel, Washington, D.C., were on brief, for appellees.

Before NEBEKER and MACK, Associate Judges, and PAIR, Senior Judge.

NEBEKER, Associate Judge:

This is an appeal from an order of the trial court denying appellant George Allen's motion for attorney's fees. Allen claims on appeal that the trial court erred in denying the fees because he was the

"prevailing party" in his civil rights suit against both defendant-appellees, Officer Charles Reed and the District of Columbia. We agree that Allen was the "prevailing party" as to Officer Reed only, and accordingly reverse the case in part and remand for a determination of reasonable fees to be assessed against him.

On July 1, 1983, George Allen filed a three count complaint alleging that Officer Charles Reed of the Metropolitan Police Department, acting under color of law, assaulted and subsequently arrested him in violation of his civil rights. Specifically, Allen alleged that Officer Reed and the District of Columbia were liable for false arrest, common law assault, and violations of 42 U.S.C. § 1983 and his First, Fourth and Fifth Amendment rights under the Constitution. The events arose out of an altercation outside of a District of Columbia nightclub on February 19, 1983. Allen sought compensatory and punitive damages against both defendants, on all counts, for $10,000 and $100,000, respectively.

Prior to trial, the parties stipulated to the dismissal of the false arrest claim. In addition, at trial, the trial court granted the District's motion for a directed verdict as to the constitutional claim against the city. *See Monell v. Department of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Consequently, the only claims submitted to the jury were the assault claims against Reed and the city as his employer, and the constitutional claim against Reed. The jury returned a verdict in favor of Allen on all counts, awarding $3,000 compensatory and $152.50 punitive damages against both defendants on the assault claim, but awarding no damages for the deprivation of Allen's civil rights by Officer Reed.

Subsequently, Allen moved for attorney's fees pursuant to the Civil Rights Attorney's Fees Awards Act of 1976 (Act), 42 U.S.C. § 1988, which provides in part:

> In any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985 and 1986 of this title ... the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.

As the language makes clear, the decision whether to award attorney's fees rests in the discretion of the trial court, whose judgment should not be overturned absent an abuse of discretion. *Milwe v. Cavuoto,* 653 F.2d 80, 82 (2d Cir.1981). In exercising that discretion, however, trial courts are not without guidance. The legislative history of the Act demonstrates a Congressional intention that a "party seeking to enforce the rights protected by the statutes covered by [the Act], if successful, 'should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust.'" SENATE COMM. ON THE JUDICIARY, THE CIVIL RIGHTS ATTORNEY'S FEES AWARDS ACT OF 1976, S.REP. No. 94-1011, 94th Cong., 2d Sess. 4, *reprinted in* 1976 U.S.CODE CONG. & AD.NEWS 5908, 5912 (quoting *Newman v. Piggie Park Enterprises,* 390 U.S. 400, 402, 88 S.Ct. 964, 966, 19 L.Ed.2d 1263 (1968)); *see also Northcross v. Board of Education,* 412 U.S. 427, 93 S.Ct. 2201, 37 L.Ed.2d 48 (1973). This rule, the so-called *Newman-Northcross* rule, has been characterized as limiting the discretion of the trial court to deny fees. *Miller v. Staats,* 227 U.S.App.D.C. 299, 303, 706 F.2d 336, 340 (1983) (District courts have only "narrow" discretion to deny fee awards); *Kulkarni v. Alexander,* 213 U.S.App.D.C. 243, 251 n. 18, 662 F.2d 758, 766 n. 18 (1978) (statutory reference to court's discretion does not authorize a refusal to award any fees to a prevailing plaintiff unless special circumstances would render such an award unjust).[1] The

---

[1] Both *Miller v. Staats, supra,* and *Kulkarni v. Alexander, supra,* arose under the fee provisions in Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(k) (1976). The provision for counsel fees in § 1988, applicable here, was patterned after the fees provisions in Titles II and VII of the Civil Rights Act of 1964. *Hanrahan v. Hampton,* 446 U.S. 754, 758 n. 4, 100 S.Ct.

threshold inquiry in deciding if the trial court properly exercised its limited discretion in denying fees in this case is whether Allen is the "prevailing party" as to either Officer Reed or the District of Columbia.

■ The question of whether Allen is a "prevailing party" under 42 U.S.C. § 1988 is governed by the Supreme Court's decision in *Hensley v. Eckerhart*, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983), in which the standard was set forth:

> A plaintiff must be a "prevailing party" to recover an attorney's fee under § 1988. The standard for making this threshold determination has been framed in various ways. A typical formulation is that "plaintiffs may be considered prevailing parties' for attorney's fees purposes if they succeed on any *significant* issue in litigation which achieves *some of the benefit* the parties sought in bringing suit." *Nadeau v. Helgemoe*, 581 F.2d 275, 278–279 (1st Cir.1978). This is a generous formulation that brings the plaintiff only across the statutory threshold. It remains for the district court to determine what fee is reasonable.

*Hensley v. Eckerhart, supra,* 461 U.S. at 433, 103 S.Ct. at 1939 (emphasis added).[2] We hold that judged by this standard, Allen has prevailed against Officer Reed on a significant issue and achieved some benefit in the action.

Allen presented the jury in this case with two alternative theories of recovery against Officer Reed: a common law tort law claim for assault and a claim based upon the constitution and the federal civil rights laws for the alleged deprivation of Mr. Allen's civil rights which arose from the same attack. The jury returned a verdict for Mr. Allen on both counts, but chose to award damages on the tort claim only.

It is clear that had the jury decided his constitutional claim adversely to him, Allen would not have prevailed for fee purposes under § 1988 even though he was awarded damages on a common-law claim arising from the same facts. *Raley v. Fraser,* 747 F.2d 287, 292 (5th Cir.1984); *Gagne v. Town of Enfield,* 734 F.2d 902, 904 (2d Cir.1984); *Russo v. State of New York,* 672 F.2d 1014, 1022–23 (2d Cir.1982); *Reel v. Arkansas Department of Corrections,* 672 F.2d 693, 698 (8th Cir.1982); *Luria Brothers & Co. v. Allen,* 672 F.2d 347, 357 (3d Cir.1982); *Bunting v. City of Columbia,* 639 F.2d 1090, 1095 (4th Cir.1981); *Haywood v. Ball,* 634 F.2d 740, 743 (4th Cir. 1980). This is because actions under the Act in which fees are allowed vindicate rights based upon the federal constitution or federal statutes. If it is determined that no constitutional right is violated, the predicate for the award vanishes. *McDonald v. Doe,* 748 F.2d 1055, 1057 (5th Cir.1984).

Here, however, Allen succeeded in persuading a jury that he had suffered a deprivation of his civil rights at the hands of Officer Reed. Thus, Allen was successful on a "significant" issue in the litigation. *Hensley v. Eckerhart, supra,* 461 U.S. at 433, 103 S.Ct. at 1939. In addition, despite the absence of a damage award, it cannot be gainsaid that "some of the benefit," *id.,* sought by Allen was the vindication of his civil rights in an action against a city policeman, which "inures to the benefit of all citizens." *Fox v. Parker,* 626 F.2d 351, 353 (4th Cir.1980). It is not necessary that a plaintiff succeed on all of the significant issues, or that the court award all of the benefit sought by the complaint. *Fast v. School District of City of Ladue, supra,* 728 F.2d at 1033. Further, to declare these rights while simultaneously denying the award of fees would undermine the de-

1987, 1989 n. 4, 64 L.Ed.2d 670 (1980) (per curiam).

**2.** We do not ignore the fact that the Supreme Court's opinion does not state in so many words that the standard we have just quoted is the only permissible one under § 1988. However, we believe that the standard quoted is the relevant

one. The Supreme Court's description of a legal rule as a "typical formulation" without any intimation that it might not agree with that formulation, is a firm basis for inferring that the Court, in fact, approves of the standard. *See Fast v. School District of the City of Ladue,* 728 F.2d 1030, 1032 (8th Cir.1984).

clared policy of the Act, which is to encourage litigants to assume the role of a private attorney general. *Perez v. University of Puerto Rico*, 600 F.2d 1, 2 (1st Cir.1979). This policy may be served by granting a fee request even where a plaintiff is unable to prove actual damages resulting from his constitutional deprivation. *Ganey v. Edwards*, 759 F.2d 337, 340 (4th Cir.1985) (a monetary damage award or equitable relief is not required before a plaintiff in a § 1983 suit may be treated as a prevailing party for purposes of awarding attorney's fees); *Milwe v. Cavuoto, supra*, 653 F.2d at 84 (one dollar in damages sufficient to support an award of fees); *Perez v. University of Puerto Rico, supra*, 600 F.2d at 2 (award of attorney's fees not inconsistent with award of nominal damages). Therefore, because the jury found for Allen on his constitutional claim against Officer Reed, we conclude that Allen is a "prevailing party" as to Reed.

■ Moreover, even if fees were not awarded on the basis of Allen's jury verdict on the constitutional claim, the fact that Allen recovered on a common-law claim arising out of the same nucleus of facts as his substantial constitutional claim would be enough to support an award of fees under the Act. In *Maher v. Gagne*, 448 U.S. 122, 100 S.Ct. 2570, 65 L.Ed.2d 653 (1980), the Supreme Court stated that attorney's fees are available in cases in "which the plaintiff prevails on a wholly statutory, non-civil rights claim pendent[3] to a substantial constitutional claim." *Id.* at 132, 100 S.Ct. at 2576. In accordance with the reasoning of *Maher*, most courts have held that § 1988 authorizes awarding fees to plaintiffs who succeed on pendent state law claims that are related to undecided but substantial constitutional claims. *See, e.g., State of New York v. 11 Cornwell Co.*, 718 F.2d 22, 25 n. 3 (2d Cir.1983) (en banc); *Williams v. Thomas*, 692 F.2d 1032, 1036 (5th Cir.), *cert. denied*, 462 U.S. 1133,

103 S.Ct. 3115, 77 L.Ed.2d 1369 (1983); *Kimborough v. Arkansas Activities Association*, 574 F.2d 423, 426 (8th Cir.1978); *Lund v. Affleck*, 587 F.2d 75, 76–77 (1st Cir.1978); *Bond v. Stanton*, 555 F.2d 172, 174 (7th Cir.1977), *cert. denied*, 438 U.S. 916, 98 S.Ct. 3146, 57 L.Ed.2d 1161 (1978); *Seals v. Quarterly County Court*, 562 F.2d 390, 393–94 (6th Cir.1977).

Having achieved a jury verdict in his favor, it is beyond question that Allen's constitutional claim is "substantial." *See Hagans v. Lavine*, 415 U.S. 528, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974). The jury having returned that verdict, the constitutional claim is necessarily not "undecided" for purposes of this case. However, we conclude that by our holding that Allen is entitled to fees based upon his success on the assault claim which arose out of the same facts as his constitutional claim, we will "further the congressional goal of encouraging suits to vindicate constitutional rights without undermining the long standard judicial policy of avoiding unnecessary constitutional decisions." *Maher v. Gagne, supra*, 448 U.S. at 132, 100 S.Ct. at 2576; *Milwe v. Cavuoto, supra*, 653 F.2d at 84.

■ The remaining question of whether Allen prevailed against the District of Columbia need not detain us long. At trial, the trial court granted the District's motion for directed verdict, thereby removing from the case the constitutional claim against the city. Consequently, the only § 1983 claim submitted to the jury was that against Officer Reed. It is clear that there can be no municipal liability under § 1983 which is grounded in vicarious liability. *Monell v. Department of Social Services, supra*, 436 U.S. at 691, 98 S.Ct. at 2036; *Morrison v. Fox*, 660 F.2d 87, 88 (3d Cir. 1981); *Dean v. Gladney*, 621 F.2d 1331, 1335 n. 11 (5th Cir.1980), *cert. denied*, 450 U.S. 983, 101 S.Ct. 1521, 67 L.Ed.2d 819 (1981). Therefore, the jury was never

---

3. A Federal District Court may exercise jurisdiction on a "pendent" state law claim that has no independent jurisdictional basis when that claim "arises out of the common nucleus of operative fact," as a claim over which the court has original jurisdiction. *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

presented with the question of the District's liability under § 1983. It would strain logic to conclude that Allen has prevailed against the District of Columbia under these circumstances.

■■■■ This conclusion is not affected by Allen having succeeded on the assault claim against the District. As noted earlier, most courts allow for the recovery of fees under § 1988 where the plaintiff is successful on a state claim that arises out of the same facts as an undecided, yet substantial constitutional claim. *See Maher v. Gagne, supra,* 448 U.S. at 132, 100 S.Ct. at 2576. However, there can be no award of fees where the successful state claim arises out of a course of conduct entirely separate and distinct from that which the constitutional claim seeks to remedy. *Mary Beth G. v. City of Chicago,* 723 F.2d 1263, 1280 (7th Cir.1983). Here, Allen's § 1983 claim against the District of Columbia was based upon the city's failure adequately to train, supervise and discipline its police officers. Any liability that may have attached to the city for this alleged course of conduct could not be premised upon respondeat superior liability for Officer Reed's conduct in assaulting Allen. *Monel v. Department of Social Services, supra,* 436 U.S. at 691, 98 S.Ct. at 2036. Consequently, the facts necessary to support the assault claim against Officer Reed would not support Allen's claim of a constitutional deprivation by the District of Columbia. Therefore, the two claims do not arise out of the same set of facts, and, consequently, fees cannot be awarded based upon Allen's success on the unrelated assault claim.[4]

Having concluded that Allen was the prevailing party as to Officer Reed but not the District of Columbia, we reverse the order in part and remand for determination of a reasonable attorney's fee in accordance with the guidelines set forth in *Hensley v.*

*Eckerhart,* 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983).

*So ordered.*

---

4. We note that even if the two claims could be read as arising out of the same nucleus of facts, that Allen would still not prevail for fee purposes against the District of Columbia by virtue of his success on the assault claim. A plaintiff does not prevail under § 1988 when his constitutional claim is decided adversely to him even though he obtains recovery on a pendent state law claim. *See, e.g., McDonald v. Doe, supra,* 748 F.2d at 1057.