[No. C021663. Third Dist. Sept. 18, 1997.]

BOARD OF ADMINISTRATION OF THE CALIFORNIA PUBLIC EMPLOYEES' RETIREMENT SYSTEM et al., Plaintiffs and Appellants, v. PETE WILSON, as Governor, etc., Defendant and Appellant.

**[Opinion certified for partial publication.‡]**

‡Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of part II of the DISCUSSION.

## COUNSEL

Schachter, Kristoff, Orenstein & Berkowitz, John D. Adkisson, Drew R. Liebert and Gail Cecchettini Whaley for Plaintiffs and Appellants.

Christian M. Keiner for Defendant and Appellant.

## OPINION

**SIMS, Acting P. J.**—This appeal involves the trial court's denial of attorney's fees. In a related appeal of the underlying lawsuit (*Board of Administration* v. *Wilson* (1997) 52 Cal.App.4th 1109 [61 Cal.Rptr.2d 207]), we

affirmed the trial court's judgment directing issuance of a writ of mandamus, concluding that "in arrears" public pension financing was an unconstitutional impairment of contract. In this appeal, plaintiffs Board of Administration of the California Public Employees' Retirement System (PERS) and William D. Crist, PERS member and president of the PERS Board (hereafter collectively PERS) appeal from the trial court's denial of a motion for attorney's fees under California's private attorney general statute (Code Civ. Proc., § 1021.5; further statutory references are to the Code of Civil Procedure unless otherwise designated) and the federal Civil Rights Attorney's Fees Awards Act of 1976 (42 U.S.C. § 1988 (hereafter § 1988)). Defendant Pete Wilson, as Governor of the State of California (defendant), cross-appeals from the trial court's "unnecessary determination" that the amount of fees and costs sought was reasonable.

In the unpublished portion of this opinion, we conclude the trial court correctly denied fees under section 1021.5. In this published portion, we conclude the trial court did not abuse its discretion in denying fees under section 1988. We shall therefore affirm the trial court's denial of the motion for attorney's fees and shall dismiss the cross-appeal as moot.[1]

FACTUAL AND PROCEDURAL BACKGROUND

On January 11, 1995, the trial court entered judgment in favor of PERS, determining that the state and federal constitutional prohibitions against impairment of contracts were violated by "in arrears" financing of public pensions pursuant to two sequential versions of Government Code section 20822 (former section 20751)—Senate Bill No. 1107 (enacted in 1992) and Senate Bill No. 240 (enacted in 1993). The trial court entered a declaratory judgment and issued a writ of mandate directing the transfer of overdue contributions and a return to a quarterly payment system. We affirmed the judgment in *Board of Administration* v. *Wilson, supra,* 52 Cal.App.4th 1109.

---

[1]Although the motion for attorney's fees was filed by "petitioners" in the trial court, it appears the attorney's fees were incurred by the PERS Board, not by Dr. Crist. PERS does not argue on appeal that attorney's fees may be awarded to Dr. Crist in the event an award to the PERS Board is inappropriate.

Also named as defendants were the State Controller and State Treasurer. The State Controller and State Treasurer advised this court they would not be filing respondents' briefs on appeal but stood ready to comply with this court's decision.

Interveners—Association of California State Attorneys and Administrative Law Judges, California Association of Professional Scientists, Professional Engineers in California Government, California Department of Forestry Employees Association, and Retired Public Employees' Association—also appealed from denial of their own motion for attorney's fees and costs. However, no appellate brief was filed, and we dismissed the interveners' appeal.

We granted the joint request of the parties on appeal to take judicial notice of the record in *Board of Administration* v. *Wilson, supra,* 52 Cal.App.4th 1109, our case No. C020118.

On March 13, 1995, PERS filed a motion for attorney's fees "on the grounds that [PERS] enforced the constitutional rights of CalPERS' members and beneficiaries protected under 42 U.S.C. section 1983 [hereafter § 1983] and is therefore entitled to fees pursuant to . . . section 1988, and in addition acted as a 'private attorney general' and is entitled to recover its fees under California Code of Civil Procedure section 1021.5."

Before the hearing, the trial court issued a tentative ruling denying attorney's fees.

Following the hearing, the trial court on June 15, 1995, issued its written order denying the motions for attorney's fees and costs. With respect to the private attorney general statute (§ 1021.5), the order stated: "An award under this statute is denied on the grounds stated in *California Teachers Association v. Cory* (1984) 155 Cal.App.3d 494 [202 Cal.Rptr. 611]. [PERS's] suggestion that the case is distinguishable is not persuasive. A fundamental premise of that case (unaffected by subsequent events), and the principle here determinative is that large sums will inure to the direct benefit of the members of PERS, making an award of fees under a private attorney general theory inappropriate."

With respect to the section 1988 claim, the trial court's order stated in part as follows:

"[PERS] make[s] a more persuasive argument for an award of fees under . . . section 1988.

"a. The Court is inclined to [PERS's] view that an action to vindicate rights guaranteed by the contract clause of the U.S. Constitution falls within the evolving scope of . . . section 1983, as most recently expressed in *Dennis* v. *Higgins* (1991) 498 US 439 [111 S.Ct. 865, 112 L.Ed.2d 969].[2]

"b. [PERS] recognize[s] that an award of fees to a prevailing party under section 1988 may properly be denied where 'special circumstances' exist . . . . And, the U.S. Supreme Court has stated that section 1988 gives a

---

[2]This statement in the trial court's order also appeared in the court's tentative ruling. At the hearing on the motion for attorney's fees, PERS's counsel expressed the view that the court's statement reflected a determination by the trial court that PERS had presented a viable section 1983 federal civil rights case but without the label (a construction which in our view is unsupported by the language of the ruling). At the hearing, the trial court clarified its statement merely meant the court's reading of the authorities suggested the federal courts will ultimately hold that the subject matter of the lawsuit—an impairment of contract claim—is not necessarily outside the scope of section 1983 (though the court noted even that issue was a close question). On appeal, PERS ignores the trial court's clarification and repeats its erroneous construction of the trial court's ruling.

court discretion to deny fees 'in cases in which a postjudgment motion unfairly surprises or prejudices the affected party.' (See *White* v. *New Hampshire Department of Employment Services* (1982) 455 US 445, 454 [102 S.Ct. 1162, 1167-1168, 71 L.Ed.2d 325].) The Court cannot ignore the fact that this case was neither pled nor litigated as a section 1983 case. The parties did not request, and the Court did not make, findings peculiar to a 1983 claim. Issues related to compensatory and consequential damages, pre-judgment interest, and statutes of limitation were at no time argued or decided within a [section] 1983 context. This Court cannot say (and ought not indulge speculation regarding) whether such issues would have been decided identically were the remedial aspects of section 1983 deemed before the Court prior to judgment. Until the issue of attorney fees and the motions before the Court, no aspect of section 1983 was argued by the parties.

"c. Notwithstanding that in retrospect the pleadings in the case can be read as technically supporting a 1983 claim,[3] the Court finds that it would be prejudicial to respondents and unfairly surprise them (and the Court) to belatedly invoke this one remedial aspect of section 1983. Unless *Green* v. *Obledo* (1984) 161 Cal.App.3d [678] [207 Cal.Rptr. 830] precludes such determination, the proper and sound exercise of discretion in this case at this time is to deny attorney fees under . . . section 1988. Careful review of *Green* suggests that it is authority-granting, not discretion limiting; and the Court does therefore deny attorney fees under section 1988."[4]

The trial court's order continued: "There is, of course, no facet of this case which will not experience appellate oversight. Thus, notwithstanding that it is unnecessary to its decision, judicial economy suggests that the Court ought [to] make findings regarding the issue of the reasonableness of the fees and additional costs sought to be recovered." The trial court then made findings that the amounts sought were reasonable, and stated that if the court were to grant attorney's fees and additional costs, it would do so in the full amounts requested. The amount sought by PERS for attorney's fees, though not stated in the order, was $268,953.10.

PERS appealed from those portions of the order which denied attorney's fees under section 1988 and section 1021.5.

---

[3]We disagree with PERS's construction that the trial court found PERS had in substance prevailed on a section 1983 claim. In context, it is clear the trial court did not make a determination that there was a viable section 1983 claim but merely indicated allegations in the complaint "supported" a section 1983 claim.

[4]This statement also appeared in the tentative ruling. At the hearing in the trial court, PERS complained defendant's opposition papers had not asserted any special circumstances, and PERS requested the opportunity for additional briefing on the issue of "special circumstances," which PERS asserted the trial court had raised sua sponte. The trial court noted the issue had been raised in PERS's memorandum of points and authorities, denied the request and heard defendant's oral argument on the matter.

Defendant filed a cross-appeal from those portions of the order which stated (1) the court's belief that a contract clause case falls within the evolving scope of federal civil rights law, and (2) the amount of fees sought was reasonable.

DISCUSSION

I. *Standard of Review*

■ The trial court's denial of a motion for attorney's fees is reviewed under an abuse of discretion standard. (*City of Sacramento* v. *Drew* (1989) 207 Cal.App.3d 1287, 1297-1298 [255 Cal.Rptr. 704] [review of section 1021.5 fee denial]; *Kreutzer* v. *County of San Diego* (1984) 153 Cal.App.3d 62, 75 [200 Cal.Rptr. 322] [review of section 1988 fee denial].)

An abuse of discretion may be found where the trial court applies an erroneous legal basis, which entails de novo review. "The scope of discretion always resides in the particular law being applied, i.e., in the 'legal principles governing the subject of [the] action . . . .' Action that transgresses the confines of the applicable principles of law is outside the scope of discretion and we call such action an 'abuse' of discretion. [Citation.]" (*City of Sacramento* v. *Drew, supra*, 207 Cal.App.3d at pp. 1297-1298.) The question is whether the trial court's actions are consistent with the substantive law and, if so, whether the application of law to the facts of the case is within the range of discretion conferred upon the trial court. (*Id.* at p. 1298.)

II. *Section 1021.5\**

. . . . . . . . . . . . . . . . . . . . . . . . . . .

III. *Section 1988*

■ PERS argues it is entitled to section 1988[8] attorney's fees for redressing a federal civil rights violation under section 1983,[9] which protects persons from deprivation of constitutional rights by persons acting under

---

*See footnote, *ante*, page 967.

[8]Section 1988(b), provides in part: "In any action or proceeding to enforce a provision of section[] . . . 1983 . . . of this title, . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs . . . ."

[9]Section 1983 provides: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution

color of state law. PERS claims that by succeeding in its contract clause claim, it corrected a federal civil rights violation under section 1983, even though it never mentioned section 1983 until its postjudgment motion for attorney's fees. PERS contends the trial court denied attorney's fees on the erroneous legal ground that fees should be denied because section 1988 was not expressly cited in the pleading. We shall conclude the court did not abuse its discretion in denying attorney's fees under section 1988.[10]

■ Section 1988 authorizes attorney's fee awards, in the discretion of the court, to the "prevailing party" in actions vindicating federal civil rights violations under specified statutes, including section 1983. "The purpose of § 1988 is to ensure 'effective access to the judicial process' for persons with civil rights grievances." (*Hensley* v. *Eckerhart* (1983) 461 U.S. 424, 429 [103 S.Ct. 1933, 1937, 76 L.Ed.2d 40, 48].)

Section 1988 attorney's fees are awardable in section 1983 cases litigated in California state courts cases; we follow the federal standard for determining section 1988 issues. (*EWAP, Inc.* v. *City of Ontario* (1986) 177 Cal.App.3d 1108, 1113 [223 Cal.Rptr. 422].)

■ A trial court retains discretion under section 1988 to deny fees where "a postjudgment motion unfairly surprises or prejudices the affected party." (*White* v. *New Hampshire Dept. of Empl. Sec.* (1982) 455 U.S. 445, 454 [102 S.Ct. 1162, 1168, 71 L.Ed.2d 325, 333].) Here the trial court correctly relied on this rule to deny section 1988 fees.

PERS does not dispute the trial court's finding that PERS never mentioned possible recovery under section 1983 until its postjudgment motion for attorney's fees. At that juncture, a variety of issues affecting PERS's entitlement to a section 1983 recovery remained unadjudicated. Foremost among these was the question of the standing of PERS, a state entity, to recover under section 1983.

■ Thus, it is a "well-established rule that subordinate political entities, as 'creatures' of the state, may not challenge state action as violating the entities' rights under the due process or equal protection clauses of the Fourteenth Amendment or under the contract clause of the federal Constitution. 'A municipal corporation, created by a state for the better ordering of government, has no privileges or immunities under the federal constitution

and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . ."
[10]We shall assume for purposes of this appeal that a contract clause claim is within the scope of section 1983. (See fn. 2, *ante.*)

which it may invoke in opposition to the will of its creator. [Citations.]' [Citations.]" (*Star-Kist Foods, Inc.* v. *County of Los Angeles* (1986) 42 Cal.3d 1, 6 [227 Cal.Rptr. 391, 719 P.2d 987] [addressing whether same rule applies beyond Fourteenth Amendment and contract clause, to commerce clause challenge].)

A "line of Supreme Court cases including, *e.g., Coleman* v. *Miller,* 307 U.S. 433, 59 S.Ct. 972, 83 L.Ed. 1385 (1939); *Williams* v. *Mayor and City Council of Baltimore,* 289 U.S. 36, 53 S.Ct. 431, 77 L.Ed. 1015 (1933); *City of Trenton* v. *New Jersey,* 262 U.S. 182, 43 S.Ct. 534, 67 L.Ed. 937 (1923); and *Hunter* v. *City of Pittsburg,* 207 U.S. 161, 28 S.Ct. 40, 52 L.Ed. 151 (1907), stands generally for the proposition that creatures of the state have no standing to invoke certain constitutional provisions in opposition to the will of their creator." (*United States* v. *State of Ala.* (11th Cir. 1986) 791 F.2d 1450, 1454-1455 [holding that, while no per se rule applied in that circuit, Alabama State University, as a creature of the state, did not have standing to sue the Alabama State Board of Education under section 1983 for Fourteenth Amendment violations]; see also cases cited in *Township of River Vale* v. *Town of Orangetown* (2d Cir. 1968) 403 F.2d 684, 686.)

 We need not and do not determine whether this rule would have applied in this case, had the case been adjudicated as a section 1983 case, or whether any exception exists which would remove this case from the general rule. We need only conclude that the question of PERS's standing constituted a substantial issue, affecting PERS's entitlement to recover under section 1983, that remained unadjudicated at the time PERS made its request for fees. The appropriate time to adjudicate issues affecting a plaintiff's entitlement to judgment is prior to judgment, either by way of trial or by an appropriate pretrial procedure such as demurrer or motion for summary judgment or summary adjudication. California's courts should not be in the business of adjudicating the merits of a plaintiff's entitlement to judgment by way of a postjudgment motion for attorney's fees. Here, defendant had no reason to contest PERS's standing under section 1983 until PERS tendered a section 1983 claim in its postjudgment motion for fees. The trial court properly exercised its discretion to deny fees on the ground that PERS's postjudgment assertion of a section 1983 claim surprised and prejudiced defendants. (*White* v. *New Hampshire Dept. of Empl. Sec., supra,* 455 U.S. at p. 454 [102 S.Ct. at pp. 1167-1168, 71 L.Ed.2d at p. 333].)

PERS relies on our opinion in *Green* v. *Obledo* (1984) 161 Cal.App.3d 678 [207 Cal.Rptr. 830], where we held plaintiffs could recover fees under section 1988 even though they had not pleaded a claim under section 1983 in their complaint. This case is distinguishable from *Green,* because we there

stated the case presented "a classic section 1983 claim," and "[t]he state point[ed] to no issue concerning the section 1988 award not subsumed in the prior adjudication." (*Green, supra,* 161 Cal.App.3d at pp. 682-683.)

Similarly, *Best* v. *California Apprenticeship Council* (1987) 193 Cal.App.3d 1448 [240 Cal.Rptr. 1], held denial of section 1988 fees was improper where the complaint, despite its failure to mention section 1983, "clearly alleged" a section 1983 action. (193 Cal.App.3d at p. 1464.) "[T]he labeling of a pleading is not determinative, but rather the subject matter of the action is to be determined from its allegations, regardless of what they may be called." (*Id.* at p. 1463.) Here, PERS's pleadings did not clearly allege a section 1983 claim, because the pleadings alleged claims by a state agency against its own state through state officials acting in their official capacity. As we have mentioned, this creates serious standing questions, because a state agency, as a creature of the state, generally lacks standing to challenge its own state's actions in a section 1983 action.

We conclude the trial court did not abuse its discretion in denying fees to PERS. Since PERS fails to show any basis for reversal of the trial court's denial of attorney's fees, we need not address the cross-appeal, which is now moot. Defendant shall recover his costs on appeal.

### DISPOSITION

The order denying the motion for attorney's fees is affirmed. The cross-appeal is dismissed as moot. Defendant shall recover his costs on appeal.

Davis, J., and Morrison, J., concurred.