[No. E028151. Fourth Dist., Div. Two. Oct. 3, 2001.]

MARK McFADDEN, Plaintiff and Respondent, v.
PATRICK VILLA, Defendant and Appellant.

COUNSEL

Alan K. Marks, County Counsel, Michael A. Sachs, Chief Deputy County Counsel; Greines, Martin, Stein & Richland and Timothy T. Coates for Defendant and Appellant.

Rastegar & Matern, Matthew J. Matern and Douglas W. Perlman for Plaintiff and Respondent.

OPINION

GAUT, J.—

## 1.  *Introduction*

A jury found that defendant Patrick Villa, a San Bernardino County deputy sheriff, committed battery on plaintiff Mark McFadden, for which the jury awarded McFadden $25,000. The jury also found Villa did not violate plaintiff's civil rights under title 42, United States Code, section 1983, by use of excessive force or otherwise.[1] After plaintiff's motion for new trial or for additur, Villa agreed to accept an additur of $35,000. The court then granted plaintiff's motion for attorney's fees in the amount of $47,257.50 under section 1988.

On appeal, Villa argues that plaintiff could not be awarded attorney's fees under section 1988 because the jury rejected plaintiff's civil rights claims

---

[1]Unless otherwise stated, all further statutory references are to title 42 of the United States Code.

under section 1983. Plaintiff counters his battery claim and civil rights claim are identical, thus entitling him as the prevailing party to an award of fees under section 1988.

We hold that a plaintiff who wins his state claim but loses his federal claim cannot obtain an award of attorney's fees under section 1988.

## 2.   *Factual and Procedural Background*

The witnesses for the county testified that four deputy sheriffs, including Villa, attempted to serve a search warrant on plaintiff at his house one evening. After kicking in the front door to gain entrance, the deputies struggled with plaintiff. Villa hit plaintiff with his baton. The deputies also used pepper spray. Plaintiff broke free and ran out of the house. The deputies pursued him. Finally, plaintiff tripped over a planter and the detectives were able to capture him.

According to plaintiff, the detectives burst into his home and attacked him repeatedly without provocation or explanation. He was subjected to pepper spray and Villa hit him on the head with the baton. Plaintiff fled in fear of his life. Finally, the deputies caught him and hog-tied him.

A witness from the sheriff's department testified that a blow to the head is justified only if deadly force is warranted and that deadly force was not warranted in this instance.

The jury rendered a special verdict for defendants on plaintiff's three separate civil rights claims, his cause of action for intentional infliction of emotional distress, and his allegation of malice. The jury also found in favor of plaintiff on his battery claim.

## 3.   *Discussion*

We review an award of fees under section 1988 according to an abuse of discretion standard.[2] Section 1988(b) provides: "In any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985, and 1986 of this title . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." Plaintiff prevailed on his state law claim for battery but not his section 1983 claim. Nevertheless, the court found him to be a "prevailing party" entitled to an award of fees under section 1988.

---

[2]*EWAP, Inc. v. City of Ontario* (1986) 177 Cal.App.3d 1108, 1113 [223 Cal.Rptr. 422].

In granting plaintiff's motion for attorney's fees under section 1988, the court relied on *Edson v. City of Anaheim*[3] and reasoned plaintiff's civil rights excessive-force claim was the same as his battery claim because both required plaintiff to prove the police officer acted unreasonably: "The Court believes the proof of the state and federal claims require the same determination that the force used was unreasonable or excessive. Thus, as argued by the plaintiff, the jury, by finding that Officer Villa battered the plaintiff also had to find that Villa necessarily exceeded the bounds set by the Fourth Amendment. . . . But there clearly appears to be an inconsistency in the verdict because the court is satisfied that proof of the state claim constitutes proof of the federal claim. . . . [¶] . . . And the second issue is, if the state and federal claims are both based on the same determination of unreasonable force . . . is there authority for the proposition that the Court can award 19—Section 1988 attorney's fees when the Plaintiff only prevails on the state tort claim of battery and does not prevail on the federal claim?" "Now, the County could argue . . . [t]his plaintiff had no constitutional claim at all. But that makes little sense because regardless of the fact the jury spoke those words in its verdict, the fact is the elements of proof for the federal and state violations for excessive use of force are identical . . . . [¶] The case law is replete with references to attorney's fees being appropriate in a case of this nature, where the state and federal claims involve the same common nucleus of operative facts or substantial issues . . . . [¶] . . . The Court is satisfied that . . . as long as the Plaintiff's complaint has pled, a substantial civil rights claim, and the Plaintiff prevails on a non-civil rights claim that is factually related as closely as this one was to the pleaded civil rights claim, the claim of the plaintiff for attorney's fees should be granted, regardless whether, as in this case, the jury did not return a verdict for the plaintiff on the 1983 action."

In accord with the reasoning of the trial court here, many federal and state cases have held that a plaintiff may be deemed a prevailing party under section 1988 if he succeeds on a pendent state law claim, based on the same legal theory or a core of common facts as a nonfrivolous federal constitutional claim. But those cases always involved distinguishable circumstances. Either plaintiff had succeeded in some way on a federal claim[4] or a federal claim had not been adjudicated at all.[5]

[3]*Edson v. City of Anaheim* (1998) 63 Cal.App.4th 1269 [74 Cal.Rptr.2d 614].
[4]*Maher v. Gagne* (1980) 448 U.S. 122, 129 [100 S.Ct. 2570, 2574-2575, 65 L.Ed.2d 653]; *Allen v. Dist. of Columbia* (D.C. 1986) 503 A.2d 1233, 1236-1237; *Hall v. Western Production Co.* (10th Cir. 1993) 988 F.2d 1050, 1055-1056; *Texas Teachers Assn. v. Garland School Dist.* (1989) 489 U.S. 782 [109 S.Ct. 1486, 103 L.Ed.2d 866].
[5]*Filipino Accountants' Assn. v. State Bd. of Accountancy* (1984) 155 Cal.App.3d 1023, 1028, 1030-1035 [204 Cal.Rptr. 913]; *Green v. Obledo* (1984) 161 Cal.App.3d 678, 681-682 [207

The following cases illustrate the former point. In *Maher v. Gagne,*[6] the court entered a consent decree favoring the plaintiff. In *Allen v. District of Columbia,*[7] the court found in favor of plaintiff on both his state and federal claims, although it awarded no damages on his federal claim. Similarly in *Hall v. Western Production Co.,*[8] the jury found for the plaintiff on his federal age discrimination and state breach of contract claims but awarded him no damages for age discrimination. The appellate court held he was entitled, as prevailing party, to fees under the ADEA.[9] In *Texas Teachers Assn. v. Garland School Dist.,*[10] the United States Supreme Court held that the plaintiffs who vindicated First Amendment rights should receive an award of fees under section 1988.

In other cases, attorney's fees have been allowed under section 1988 because no federal claim was raised or decided. In *Filipino Accountants' Assn. v. State Bd. of Accountancy*[11] and *Carreras v. City of Anaheim,*[12] the courts never ruled on the plaintiffs' federal claims. In *Green v. Obledo*[13] and *Best v. California Apprenticeship Council,*[14] no federal claim had been expressly asserted, although the courts determined by implication such relief had been sought.

Another line of cases, however, has concluded that, if a plaintiff wins a state law claim but loses an express federal claim, he may not obtain attorney's fees under section 1988.[15] The Ninth Circuit Court of Appeals, in *Mateyko v. Felix,*[16] denied attorney's fees to a plaintiff who lost a federal civil rights claim and won a state negligence claim: "All circuits that have

---

Cal.Rptr. 830]; *Carreras v. City of Anaheim* (9th Cir. 1985) 768 F.2d 1039; *Best v. California Apprenticeship Council* (1987) 193 Cal.App.3d 1448, 1463-1464 [240 Cal.Rptr. 1].

[6]*Maher v. Gagne, supra,* 448 U.S. at page 129 [100 S.Ct. at pages 2574-2575].

[7]*Allen v. Dist. of Columbia, supra,* 503 A.2d at pages 1236-1237.

[8]*Hall v. Western Production Co., supra,* 988 F.2d at pages 1055-1056.

[9]Age Discrimination in Employment Act of 1967, 29 United States Code section 623.

[10]*Texas Teachers Assn. v. Garland School Dist., supra,* 489 U.S. 782.

[11]*Filipino Accountants' Assn. v. State Bd. of Accountancy, supra,* 155 Cal.App.3d at pages 1028, 1030-1035.

[12]*Carreras v. City of Anaheim, supra,* 768 F.2d 1039.

[13]*Green v. Obledo, supra,* 161 Cal.App.3d at pages 681-682.

[14]*Best v. California Apprenticeship Council, supra,* 193 Cal.App.3d at pages 1463-1464.

[15]*Haywood v. Ball* (4th Cir. 1980) 634 F.2d 740; *Bunting v. City of Columbia* (4th Cir. 1981) 639 F.2d 1090, 1092, 1095; *Luria Bros. & Co., Inc. v. Allen* (3d Cir. 1982) 672 F.2d 347, 358; *Reel v. Arkansas Dept. of Correction* (8th Cir. 1982) 672 F.2d 693; *Russo v. State of N.Y.* (2d. Cir. 1982) 672 F.2d 1014, 1022-1023; *Gagne v. Town of Enfield* (2d Cir. 1984) 734 F.2d 902, 904; *Raley v. Fraser* (5th Cir. 1984) 747 F.2d 287, 290-292; *Albright v. Good Shepherd Hosp.* (5th Cir. 1990) 901 F.2d 438, 439; *Mateyko v. Felix* (9th Cir. 1990) 924 F.2d 824, 828; *National Organization for Women v. Operation Rescue* (D.C. Cir. 1994) 37 F.3d 646, 650; *City of Seattle v. McCready* (1997) 131 Wash.2d 266 [931 P.2d 156, 160]; *Bonner v. Guccione* (2d Cir. 1999) 178 F.3d 581, 593-600.

[16]*Mateyko v. Felix, supra,* 924 F.2d 824.

considered the issue have held that a plaintiff, like Mateyko, who loses on his federal claim and recovers only on a pendent state claim is not a prevailing party under section 1988 and may not be awarded fees. . . . [¶] . . . Where, as here, there has been a decision adverse to plaintiff on the section 1983 claim, section 1988 does not authorize the award of attorney's fees. [¶] Both the statutory language and legislative history of section 1988 support this result. . . . The House Report accompanying section 1988 specifically contemplates a fee award if a plaintiff prevails on a substantial pendent state claim, but the court declines to reach the section 1983 claim. ' "In some instances . . . the claim with fees may involve a constitutional question which the courts are reluctant to resolve if the non-constitutional claim is dispositive." ' [Citation.] In such a case the denial of fees would be unfair and would frustrate section 1988's purpose to encourage private parties to vindicate their federal civil rights. But this is not such a case. In this case 'the district court did not avoid reaching the constitutional issue because the pendent claim was dispositive; it found that [Mateyko] had no constitutional claim at all.' "[17]

An earlier example is *Russo v. State of N.Y.*,[18] in which the Second Circuit Court of Appeals anticipated the kind of argument asserted by plaintiff here. The *Russo* court said the application of section 1988 is limited to cases arising under the civil rights laws.[19] In discussing the district judge's decision to award fees to a plaintiff who lost his civil rights claim, the court commented: "Despite the clear wording of the statute and its legislative history, the District Judge raised the novel theory that in 'exceptional circumstances' a court should have discretion to award attorney's fees under section 1988 to a party who does not succeed on his civil rights claim but who prevails on a pendent claim which 'substantially vindicates his constitutional quest.' [Citation.] . . . Judge Sofaer maintained that the present case is an appropriate one for the exercise of this discretion. He asserted that in light of the close legal nexus between a section 1983 claim and a malicious prosecution claim, a plaintiff who succeeds on the latter, especially where punitive damages are awarded, should be treated as a prevailing party for purposes of section 1988. [Citation.]"[20]

The *Russo* court rejected the lower court's "expansive interpretation of section 1988."[21] Instead, citing "[t]he teachings of the Supreme Court" in

---

[17]*Mateyko v. Felix, supra,* 924 F.2d at pages 828-829.
[18]*Russo v. State of N.Y., supra,* 672 F.2d at pages 1022-1023.
[19]*Russo v. State of N.Y., supra,* 672 F.2d at pages 1022-1023.
[20]*Russo v. State of N.Y., supra,* 672 F.2d at page 1023, footnote omitted.
[21]*Russo v. State of N.Y., supra,* 672 F.2d at page 1023.

*Alyeska Pipeline Co. v. Wilderness Society*,[22] the court observed: "The 'American Rule' is that the 'prevailing' litigant is not ordinarily entitled to collect attorney's fees from the losing party. [Citation.] Accordingly, the Supreme Court held in *Alyeska* that the issue of the award of attorney's fees is 'a policy matter that Congress has reserved for itself. Since the approach taken by Congress to this issue has been to carve out specific exceptions to a general rule that federal courts cannot award attorneys' fees beyond the limits of 28 U.S.C. § 1923, those courts are not free to fashion drastic new rules with respect to the allowance of attorneys' fees to the prevailing party in federal litigation or to pick and choose among plaintiffs and the statutes under which they sue and to award fees in some cases but not in others, depending upon the courts' assessment of the importance of the public policies involved in particular cases.' [Citation.] [¶] In light of *Alyeska*, courts must guard against awarding attorney's fees where Congress has not authorized. In section 1988 Congress has provided that a prevailing party in a section 1983 action can recover attorney's fees, however, it has not provided that a prevailing party in a malicious prosecution action can do so. In the absence of legislative intent and pronouncement, it was not within the province of the trial court to fashion an award of attorney's fees in this case. A court cannot appropriate a function which Congress has reserved for itself."[23]

■ In a similar fashion, plaintiff here maintains his battery and his civil rights claims are identical. He urges the judge could properly override the jury verdict on the civil rights claim and award fees to plaintiff as the prevailing party under section 1988.

Plaintiff has not supplied any persuasive authority that a state claim for battery by a peace officer and a federal claim for excessive force are identical causes of action. As defendant Villa argues, the claims have different antecedents. Battery is a common law claim. The section 1983 excessive-force claim is derived from the Fourth Amendment.[24] Although both kinds of claims may require plaintiff to prove the force used was excessive and unreasonable,[25] many cases have concluded that every battery under state law does not result in a constitutional violation.[26] As stated by

---

[22]*Alyeska Pipeline Co. v. Wilderness Society* (1975) 421 U.S. 240 [95 S.Ct. 1612, 44 L.Ed.2d 141].

[23]*Russo v. State of N.Y., supra,* 672 F.2d at page 1023.

[24]*Graham v. Connor* (1989) 490 U.S. 386 [109 S.Ct. 1865, 104 L.Ed.2d 443].

[25]*Edson v. City of Anaheim, supra,* 63 Cal.App.4th at pages 1273-1274.

[26]*Schiller v. Strangis* (D.Mass. 1982) 540 F.Supp. 605, 616.

the Fourth Circuit Court of Appeals: "Certainly the constitutional protection is nowhere nearly so extensive as that afforded by the common law tort action for battery, which makes actionable any intentional and unpermitted contact with the plaintiff's person or anything attached to it and practically identified with it . . . . Although 'the least touching of another in anger is a battery,' [citation], it is not a violation of a constitutional right actionable under 42 U.S.C. § 1983."[27] Plaintiff's argument on this point seems to agree a section 1983 claim is actually harder to prove than a battery claim, which might offer some explanation for the verdict the jury reached.

Furthermore, the record shows the two kinds of claims were treated separately at trial. In the complaint, they are pleaded as separate causes of action. The jury also received separate instructions. The instructions on battery comprise three pages of the reporter's transcript. The instructions on the three civil rights violations comprise 11 pages of the reporter's transcript and focus on the issues of the deprivation of plaintiff's constitutional rights. The latter set of instructions also required the jury to evaluate defendants' conduct based on the standard of a reasonable police officer in light of the totality of circumstances, including the severity of the crime.[28] Additionally, the jury was provided with a special verdict form in which it had to decide the battery claim and the three civil rights claims individually. The jury was told the claims were different and the jury obviously regarded them as different since it decided them differently.

The weakest part of plaintiff's argument is his assertion that "[i]n the instant case . . . there was a judicial determination . . . that, as a matter of law, *the section 1983 claim was established.*" To the contrary, the jury found the section 1983 claim was *not* established and the trial judge then disregarded the verdict because he perceived it as inconsistent. But, absent any proper challenge raised below to the verdict, we do not understand what authority allowed the trial judge to ignore the jury's verdict and award fees to plaintiff.

None of the case law cited by plaintiff supports his contention that attorney's fees may be awarded under section 1988 because of purportedly inconsistent jury verdicts. In doing so, the trial court abused its discretion. Therefore, we reverse the trial court's order awarding attorney's fees.

---

[27]*Johnson v. Glick* (2d Cir. 1973) 481 F.2d 1028, 1033.
[28]*Graham v. Connor, supra,* 490 U.S. 386.

### 4. *Disposition*

The order awarding plaintiff attorney's fees under section 1988 is reversed. Defendant Villa shall recover his costs on appeal.

Ramirez, P. J., and Hollenhorst, J., concurred.

On October 25, 2001, the opinion was modified to read as printed above. Appellant's petition for review by the Supreme Court was denied January 3, 2002.