Dorina MATEYKO, Plaintiff,

and

Raymond Mateyko, Plaintiff–Appellant,

v.

Thomas FELIX, Michael Serafin, The City of Los Angeles, Defendants–Appellees.

No. 88–5986.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 4, 1989.

Decided Sept. 6, 1990.

Michael Weiss, Los Angeles, Cal., for plaintiff-appellant.

Richard M. Helgeson, Asst. City Atty., Los Angeles, Cal., for defendants-appellees.

Before BROWNING, ALARCON and FERGUSON, Circuit Judges.

JAMES R. BROWNING, Circuit Judge:

Raymond Mateyko sued the City of Los Angeles (the City) and certain of its police officers, asserting violations of his federal civil rights and various pendent state law claims based on alleged excessive use of force. Mateyko appealed the judgment. We affirm.

## I.

In Los Angeles on the afternoon of December 18, 1983, defendant officer Thomas Felix stopped Mateyko for crossing a street without stopping for a red traffic light in violation of California Vehicle Code § 21453(d). Mateyko resisted when Felix attempted to issue a citation, and Felix radioed for assistance. Defendant officer Michael Serafin responded to Felix's request for assistance and used a Taser gun to subdue Mateyko. Mateyko was charged and ultimately convicted of willfully and unlawfully resisting, delaying and obstructing a police officer in the discharge of his duties in violation of California Penal Code § 148.

Mateyko brought this action against the City and officers Felix and Serafin[1] pursuant to 42 U.S.C. § 1983, alleging Felix and Serafin violated Mateyko's federally protected rights by using unnecessary force. Mateyko asserted pendent state law claims for assault, battery, negligence and emo-tional distress. At the close of Mateyko's case in chief, the court granted the City's motion for a directed verdict on Mateyko's section 1983 claims. The remaining state law claims against the City and all Mateyko's claims against Felix and Serafin were submitted to the jury by special verdict. The jury found for defendants on all claims, except on Mateyko's claim against the City for negligent infliction of emotional distress. Mateyko's damages on this claim were found to be $492,000. Mateyko was found to be 96% contributorily negligent, and the court entered judgment for Mateyko for $19,680.

Mateyko appeals, arguing: (1) the directed verdict for the City was improper; (2) the special verdict form was improper and the court erred in resubmitting the verdict to the jury to reconcile an ambiguity; and (3) the conduct of defense counsel in questioning witnesses and in closing argument was unfairly prejudicial. Mateyko challenges the award of costs below to defendants, and seeks attorney's fees on appeal.

## II.

Mateyko did not include a complete transcript of the proceedings below in the record on appeal. Appellees argue the entire record is necessary to review the asserted errors.

"[T]he responsibility for presenting an adequate record is primarily and ultimately the appellant's." 9 J. Moore, B. Ward & J. Lucas, Moore's Federal Practice ¶ 210.05[3] (2d ed. 1988). We have discretion to dismiss an appeal if the appellant presents an inadequate record. *Thomas v. Computax Corp.*, 631 F.2d 139, 141 (9th Cir.1980). Dismissal, however, is not mandatory. *Coats v. Pierre*, 890 F.2d 728, 731 (5th Cir.1989).

We have no reason to doubt the good faith of either party. There is no dispute Mateyko timely served and filed his designation of transcript and statement of issues on appeal. Appellees did not designate additional portions of the transcript or otherwise indicate the record ordered by Matey-

---

1. Additional defendants named in the complaint were dismissed prior to trial.

ko was inadequate. We therefore do not dismiss the appeal; however, our review of the alleged errors is necessarily limited to the record available to us. *See id.*

### III.

Mateyko challenges the directed verdict. We review the trial court's ruling de novo, viewing the evidence in the light most favorable to the nonmoving party and drawing all inferences in favor of that party. *Donoghue v. Orange County,* 848 F.2d 926, 932 (9th Cir.1987).

■] A municipality can be liable under section 1983 only if its policy or custom caused the constitutional deprivation complained of. *Monell v. Department of Social Servs.,* 436 U.S. 658, 690, 98 S.Ct. 2018, 2035–36, 56 L.Ed.2d 611 (1978). Inadequate training can form the basis for municipal liability "only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." *City of Canton v. Harris,* 489 U.S. 378, 109 S.Ct. 1197, 1204, 103 L.Ed.2d 412 (1989). "[T]he focus must be on adequacy of the training program in relation to the tasks the particular officers must perform." *Id.* 109 S.Ct. at 1205–06.

Mateyko asserts officer Serafin's "sufficient and undisputed trial testimony," coupled with "a few exhibits on the Monell issue," would have supported a jury verdict for Mateyko against the City on his section 1983 claim. Serafin's testimony, however, is not included in the partial record before us. On the record before the court, the directed verdict for the City must be affirmed.

### IV.

Mateyko objects that the special verdict form improperly required the jury to draw legal conclusions and in any event should not have been resubmitted to the jury to resolve an inconsistency in the jury's answers.

■ The trial court has complete discretion whether a general or special verdict is to be returned, and this discretion extends to determining the form of the special ver-

dict, provided the questions asked are adequate to obtain a jury determination of the factual issues essential to judgment. *R.H. Baker & Co. v. Smith–Blair, Inc.,* 331 F.2d 506, 508 (9th Cir.1964). In this case the special verdict form, when considered with the instruction as a whole, fully and fairly presented to the jury the issues it was called upon to decide.

In answering special verdict form questions, the jury indicated the City had negligently inflicted emotional distress upon Mateyko, but that neither Felix nor Serafin had done so. However, in response to a subsequent question regarding comparative negligence, the jury assigned 96% of the fault to Mateyko and 4% of the fault to "Michael Serafin and City of Los Angeles." The court requested clarification. The jury replied it had intended to hold the City liable but to exonerate the individual officers on the ground that the City had been negligent in training the officers to use the Taser gun, but that the officers had acted in good faith.

Mateyko relies on *McCollum v. Stahl,* 579 F.2d 869 (4th Cir.1978), in support of the argument that resubmission to the jury was error. In *McCollum,* the jury returned special verdicts finding no liability as to a particular defendant, yet awarding punitive damages against him. The court held resubmission under those circumstances "was tantamount, in its effect, to a direction to the jury to find liability in order to warrant the award of damages." *Id.* at 871. *McCollum* also held, however, that as a matter of law a special verdict submitted to a jury pursuant to Fed.R. Civ.P. 49(a) may not be resubmitted to clarify inconsistencies. *Id.* at 871–72.

We decline to follow the latter aspect of *McCollum.* If the inconsistency between special verdict answers is noticed prior to the dismissal of the jury, the district court has the discretion to resubmit the issue to the jury with a request for clarification. Though Rule 49(a) does not explicitly provide for resubmitting inconsistent special verdict answers, neither does the rule prohibit it. Permitting the trial court in its discretion to resubmit inconsistent answers

for clarification promotes both fairness and efficiency. *E.g., Karl v. Burlington N.R.R. Co.*, 880 F.2d 68, 72–73 (8th Cir. 1989); *Santiago–Negron v. Castro–Davila*, 865 F.2d 431, 444 (1st Cir.1989); *Richard v. Firestone Tire & Rubber Co.*, 853 F.2d 1258, 1260–61 (5th Cir.1988); *Auwood v. Harry Brandt Booking Office, Inc.*, 850 F.2d 884, 891 (2d Cir.1988). It was not an abuse of discretion to resubmit the special verdict questions to the jury in this case.

### V.

■ Mateyko asserts the district court erred in denying Mateyko's motion for a new trial based on Deputy City Attorney Hernandez's allegedly improper and prejudicial remarks during the examination of Mateyko and Serafin, and in closing argument.

Hernandez allegedly made an improper reference to false police reports filed by Mateyko. Mateyko complains that Hernandez's references to Mateyko's conviction for resisting arrest was an improper effort to attack Mateyko's credibility, in violation of the district court's order limiting admissibility of that conviction to prove facts necessarily decided against Mateyko and relevant to the instant action. Mateyko complains that Hernandez made further improper attacks on Mateyko's credibility and mischaracterized the testimony of an expert witness. Mateyko argues Hernandez made several misstatements of law in his closing, and that he made an improper and prejudicial reference to City Attorney James Hahn.

A new trial is warranted only if counsel's misconduct affected the verdict. *Chalmers v. City of Los Angeles*, 762 F.2d 753, 761 (9th Cir.1985). The district court's refusal to grant a new trial is reversed only for abuse of discretion. *McKinley v. City of Eloy*, 705 F.2d 1110, 1117 (9th Cir.1983).

The trial court is in a far better position than we to gauge the prejudicial effect of improper comments. *Kehr v. Smith Barney, Harris Upham & Co.*, 736 F.2d 1283, 1286 (9th Cir.1984). The court determined any prejudice from improper remarks would be corrected if Hernandez apolo-

gized to Mateyko before the jury and the jury received a curative instruction. These steps were taken. In view of the limited record before us, we are unwilling to say the district court's denial of Mateyko's motion for a new trial was an abuse of discretion.

### VI.

■ In a claim based on 42 U.S.C. § 1983 the court, "in its discretion may allow the prevailing party ... a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988. Mateyko challenges the court's determination that defendants are prevailing parties entitled to recover their costs. Mateyko argues the jury verdict in his favor on his pendent state claim makes him a prevailing party within the meaning of section 1988.

Mateyko argues a litigant who succeeds in only some of his or her claims properly may be considered a prevailing party and be entitled to an amount of fees reasonable in relation to the results obtained, citing *Hensley v. Eckerhart*, 461 U.S. 424, 434, 103 S.Ct. 1933, 1939–40, 76 L.Ed.2d 40 (1983). *Hensley*, however, involved a litigant with mixed state and federal claims who prevailed on some of his federal claims. In this case, all Mateyko's federal claims were decided against him. All circuits that have considered the issue have held that a plaintiff, like Mateyko, who loses on his federal claim and recovers only on a pendent state claim is not a prevailing party under section 1988 and may not be awarded fees. *E.g., Finch v. City of Vernon*, 877 F.2d 1497, 1507–08 (11th Cir. 1989); *McDonald v. Doe*, 748 F.2d 1055, 1057 (5th Cir.1984); *Gagne v. Town of Enfield*, 734 F.2d 902, 904 (2d Cir.1984); *Reel v. Arkansas Dep't of Correction*, 672 F.2d 693, 698 (8th Cir.1982); *Luria Bros. & Co. v. Allen*, 672 F.2d 347, 357 (3d Cir.1982); *Haywood v. Ball*, 634 F.2d 740, 743 (4th Cir.1980).

*Carreras v. City of Anaheim*, 768 F.2d 1039 (9th Cir.1985), is not to the contrary. In *Carreras*, we said: "When the plaintiff in a civil rights action prevails on a pendent state claim based on a common nucleus of operative fact with a substantial federal

claim, fees may be awarded under § 1988." 768 F.2d at 1050. In *Carreras,* however, the court of appeals did not reach the plaintiff's federal claims, because the plaintiff prevailed on state constitutional grounds. *See also, e.g., Gagne v. Maher,* 594 F.2d 336, 341 (2d Cir.1979) (fee award proper when unnecessary to decide federal constitutional claim); *Lund v. Affleck,* 587 F.2d 75, 77 (1st Cir.1978) (case disposed of on statutory grounds only does not preclude fee award under § 1988). Where, as here, there has been a decision adverse to plaintiff on the section 1983 claim, section 1988 does not authorize the award of attorney's fees.

Both the statutory language and legislative history of section 1988 support this result. "The statute plainly limits fee awards to 'the prevailing party' '[in] any action or proceeding to enforce a provision of [section] 1983.'" *Luria Bros.,* 672 F.2d at 357 (quoting section 1988). The House Report accompanying section 1988 specifically contemplates a fee award if a plaintiff prevails on a substantial pendent state claim, but the court declines to reach the section 1983 claim. " 'In some instances ... the claim with fees may involve a constitutional question which the courts are reluctant to resolve if the non-constitutional claim is dispositive.'" *Reel,* 672 F.2d at 698 (quoting H.R.Rep. No. 1558, 94th Cong., 2d Sess. 4 n. 7 (1976) U.S.Code Cong. & Admin.News 1976, p. 5908). In such a case the denial of fees would be unfair and would frustrate section 1988's purpose to encourage private parties to vindicate their federal civil rights. But this is not such a case. In this case "the district court did not avoid reaching the constitutional issue because the pendent claim was dispositive; it found that [Mateyko] had no constitutional claim at all." *Id.*

Other grounds for reversal urged by Mateyko involved no error or were harmless.

Each party shall bear its own costs on appeal.

AFFIRMED.