960 F.2d 152
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Eleanor STONE, Plaintiff-Appellant,
v.
Warren RIVER, Defendant,
and
Michael Beaugh, et al., Defendant-Appellee.
Eleanor STONE, Plaintiff-Appellee,
v.
Warren RIVER, Defendant,
and
James R. Sullivan, Appellant.
 Nos. 91-55284, 91-55287.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 4, 1992.*
Decided Feb. 21, 1992.
 
 Before BRUNETTI, O'SCANNLAIN and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 OVERVIEW
 
 2
 Eleanor Stone filed a Bivens action alleging violations of her fourth amendment rights when drug agents and police allegedly used excessive force in executing a search warrant in connection with the arrest of a tenant of Stone's. Despite a general discovery request, the Assistant United States Attorney (AUSA) failed to turn over photographs of Stone's residence. These photographs purported to show that her house was in disarray before the search. Stone moved for a new trial based on attorney misconduct and the AUSA's failure to supplement the discovery response after he discovered the photos. The district court denied the motion for a new trial, but sanctioned the AUSA for failing to supplement the discovery response. Both parties appeal. We affirm the denial of a new trial, but reverse the imposition of sanctions.
 
 FACTS
 
 3
 Eleanor Stone, is an elderly woman who sued various defendants (eight DEA agents, one customs agent and a postal inspector) after they allegedly "stormed [her] home, ... smashed in the front door, ... threw plaintiff to the ground, and used brutal and excessive force." They then proceeded to "ransack[ ] and destroy[ ] plaintiff's home and her belongings." The jury, however, returned a verdict in favor of defendants on all counts.
 
 
 4
 Seven months before trial, Stone requested "[a] complete description of all written or recorded materials, [of] whatever nature or description, ... bear[ing] upon ... the incident." The definition of writing would appear to include photographs. The AUSA, James Sullivan, forwarded the interrogatories to the Drug Enforcement Administration's Office of Chief Counsel. The DEA's response did not include photographs one of the agents had taken of Stone's house. The photographs taken by one of the agents allegedly showed that the plaintiff's house was in a " 'messy' and 'filthy' condition" before the search. AUSA Sullivan stated that he became aware of the photos six months after the response to the initial discovery request, about one month before trial. He planned to use them to rebut and impeach Stone's testimony at trial that the defendants ransacked her house.
 
 
 5
 When Stone objected to the use of the photos at trial, the district judge excluded the photos. He ruled that the obligation to supplement discovery requests is a continuing one and that AUSA Sullivan should have informed the defense after he became aware of their existence. The judge, however, said that he "didn't suggest" Sullivan tried to conceal them.
 
 
 6
 During the remainder of the trial, Stone's attorney often inferred that the excluded photographs were deliberately withheld so they could be sprung at trial. He said that the AUSA and defendants "concocted the story that they were before-pictures." Stone maintains that if she had the photographs earlier, she would have been able to investigate and establish that they were taken after a rampage by the searching agents, and not before.
 
 
 7
 In response to Stone's arguments, the AUSA during his closing argument stated that "[Stone's attorney] has tried to suggest that the photographs are supportive of his case. Well, I offer them to [him] right now, and if he wants to agree to them being in evidence they may be." Stone's attorney originally agreed, but at sidebar backed off his agreement complaining that the AUSA's tactic was improper.
 
 
 8
 Stone moved for a new trial and the imposition of sanctions on AUSA Sullivan. The judge denied the motion for a new trial, but imposed sanctions on Sullivan. He called the AUSA's lawyering "low caliber" and "rancorous in the extreme." "The court [had] no doubt that interrogatories propounded required disclosure of the photographs in issue." A fine of $500 was assessed against AUSA Sullivan personally.
 
 
 9
 Both parties appeal.
 
 DISCUSSION
 
 10
 I. Stone Has Not Established that Any Alleged Attorney Misconduct Affected the Verdict
 
 
 11
 The district court's denial of the new trial is reviewed for abuse of discretion. Mateyko v. Felix, 924 F.2d 824, 828 (9th Cir.1990), cert. denied, 112 S.Ct. 65 (1991). "A new trial is warranted only if counsel's misconduct affected the verdict." Id. (citations omitted). The court has said that a new trial is warranted only when "the 'flavor of misconduct ... sufficiently permeate[s] an entire proceeding to provide conviction that the jury was influenced by passion and prejudice.' " Kehr v. Smith Barney, Harris Upham & Co., Inc., 736 F.2d 1283, 1286 (9th Cir.1984) (quoting Standard Oil Co. v. Perkins, 347 F.2d 379, 388 (9th Cir.1965)).
 
 
 12
 Stone alleges that (1) the failure to supply the photographs; (2) the referral to the excluded evidence during closing argument; and (3) a request by the AUSA in front of the jury for "an admonition that the witness [plaintiff] not discuss her testimony with counsel during break" was sufficient misconduct to necessitate a new trial. Assuming only for the purposes of this appeal that these allegations are misconduct, they do not provide a sufficient basis to overturn the district court.
 
 
 13
 The failure to supply the photographs did not prevent Stone from receiving a full and fair opportunity to present her case. See Jones v. Aero/Chem Corp., 921 F.2d 875, 879 (9th Cir.1990). Any impact from AUSA Sullivan's referral to the excluded evidence during his closing argument was immaterial and did not affect the verdict. See Mateyko, 924 F.2d at 828; Kehr, 736 F.2d at 1286. Stone has not demonstrated that Sullivan's comment in any way prejudiced the jury. See Chalmers v. City of Los Angeles, 762 F.2d 753, 761 (9th Cir.1985) ("City has not shown that these 'attacks' affected the verdict.").
 
 
 14
 Nor is there an argument that the cumulative affect of this "misconduct" affected the trial. "The trial court is in a far better position than we to gauge the prejudicial effect...." Mateyko, 924 F.2d at 828. The record does not provide grounds to question the district court's discretion.
 
 
 15
 II. The Sanctions Must Be Reversed Because there Was No Finding of Bad Faith
 
 
 16
 A district court's decision to impose sanctions is reviewed for abuse of discretion and it will not be reversed "absent a definite and firm conviction that the district court made a clear error of judgment." Halaco Engineering Co. v. Costle, 843 F.2d 376, 379 (9th Cir.1988). However, "the district court's selection of legal standards is reviewed de novo." Id. (citations omitted). Furthermore, absent an indication of the district court's factual basis and legal authority for the sanctions, there is little to defer to.
 
 
 17
 In this case, the judge imposed sanctions for failure to supplement the discovery request when the attorney became aware of the photograph. For this appeal, we will assume that under Fed.R.Civ.P. 26(e) AUSA Sullivan should have supplemented the request. The rule provides that when a party "obtains information upon the basis of which [ ] the party knows that the response was incorrect when made" the party "is under a duty seasonably to amend a prior response." Fed.R.Civ.P. 26(e)(2).
 
 
 18
 Sanctions can be imposed for a failure to supplement a discovery request under Rule 26, but only through the court's inherent power. See Campbell Indus. v. M/V Gemini, 619 F.2d 24, 27 (9th Cir.1980); Outley v. City of New York, 837 F.2d 587, 589 (2d Cir.1988); 8 Wright & Miller, Federal Practice and Procedure § 2050 (1970 & Supp.1991).
 
 
 19
 The Ninth Circuit has "insisted upon a finding of bad faith before sanctions may be imposed under the court's inherent power." Zambrano v. City of Tustin, 885 F.2d 1473, 1478 (9th Cir.1989). The district court here made no finding of bad faith. Furthermore, the court seemed to indicate at trial that the failure to supplement the request was negligent, not malicious. ("I didn't suggest you were [trying to conceal something.]" The failure of the district court to make a specific finding of bad faith and specify the grounds for imposing sanctions mandates reversal.
 
 CONCLUSION
 
 20
 The district court's denial of a new trial is AFFIRMED. The imposition of sanctions on U.S. Attorney General James Sullivan is REVERSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Circuit Rule 36-3