48 F.3d 1227
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 John GERSBOLL; Samantha Gersboll, Plaintiffs-Appellants,
v.
CITY OF LOS ANGELES, et al., Defendants-Appellees.
 No. 93-55884.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 6, 1995.
Decided Feb. 23, 1995.
 
 Before: FERGUSON, BEEZER, and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 John and Samantha Gersboll appeal the district court's denial of their motion for a new trial and the special verdict reached in their original 42 U.S.C. Sec. 1983 action brought against the City of Los Angeles, the Los Angeles Police Department, and various police officers, alleging excessive force while executing a search warrant of their home. We affirm.
 
 
 3
 The Gersbolls claim that the district court erred in denying their motion for a new trial. They assert that the defense counsel's misconduct in his examination and cross-examination of witnesses prejudiced the outcome of their original trial. A new trial is only warranted if the misconduct in the first trial was so egregious as to affect the verdict. Mateyko v. Felix, 924 F.2d 824, 828 (9th Cir.), cert. denied, 502 U.S. 814 (1991).
 
 
 4
 On appeal, the Gersbolls supplied this court only with the partial testimony of seven witnesses. The trial which the Gersbolls now claim was prejudiced lasted for five weeks and involved over thirty-five witnesses. Federal Rule of Appellate Procedure 10(b)(2) places the burden of providing sufficient portions of the relevant trial transcript on the appellant. Sufficient record does not exist for this court to determine whether any misconduct by defense counsel "sufficiently permeate[s] [the] entire proceeding" to the extent that the jury was influenced by "passion and prejudice in reaching its verdict." Kehr v. Smith Barney, Harris Uphman & Co., 736 F.2d 1283, 1286 (9th Cir.1984) (quoting Standard Oil Co. of California v. Perkins, 347 F.2d 379, 388 (9th Cir.1965).
 
 
 5
 The Gersbolls also assert that they were unduly prejudiced in their original trial because their counsel was excluded from two in camera hearings conducted by the district court. In camera hearings to ensure the safety of a witness, especially if that witness is an informant, are within the discretion of the trial judge. See United States v. Fixen, 780 F.2d 1434, 1440 (9th Cir.1986).
 
 
 6
 Finally, the Gersbolls claim that the special verdict reached in their 42 U.S.C. Sec. 1983 trial is not supported by the evidence. The Gersbolls waived their right to appeal on grounds of insufficient evidence when they failed to move for a judgment as a matter of law at the close of evidence. Gilchrest v. Jim Slemons Imports, Inc., 803 F.2d 1488, 1493 (9th Cir.1986). We AFFIRM.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by 9th Cir.R. 36-3