GRABER, Circuit Judge,
concurring in the result:
I concur in the result for the following reasons.
1.The claim of preemption by the foreign affairs power is not a fee-generating claim, for the reasons ably explained by the district court. In short, the foreign affairs power, like the Supremacy Clause, creates no individual rights enforceable under 28 U.S.C. § 1983. Cf. Golden State Transit Corp. v. City of Los Angeles, 493 U.S. 103, 107, 110 S.Ct. 444, 107 L.Ed.2d 420 (1989) (“[T]he Supremacy Clause, of its own force, does not create rights enforceable under § 1983.”); Associated Gen. Contractors v. Smith, 74 F.3d 926, 931 (9th Cir.1996) (“[Preemption of state law under the Supremacy Clause — being grounded not on individual rights but instead on .considerations of power — will not support an action under section 1983, and will not, therefore, support a claim for attorneys’ fees under section 1988.” (alteration in original) (internal quotation marks omitted)).
2. The due process and Commerce Clause claims are fee-generating claims under 28 U.S.C. §§ 1983 and 1988. But Plaintiffs lost those claims before this court.
3. Plaintiffs’ entitlement to fees, then, depends on what happened to the various claims at the Supreme Court. Had 3154 Plaintiffs not sought certiorari on the fee-generating claims, or had the Supreme Court upheld our result on those claims, Plaintiffs would not be entitled to fees. See Mateyko v. Felix, 924 F.2d 824, 828 (9th Cir.1991) (“Where, as here, there has been a decision adverse to plaintiff on the section 1983 claim; section 1988 does not authorize the award of attorney’s fees.”). But neither of those things happened here.
Rather, Plaintiffs sought and received a writ of certiorari on both their fee-generating claims and their non-fee-generating claim. The Court held in Plaintiffs’ favor on the non-fee-generating claim without reaching the fee-generating claims at all. Under the principles that we announced in Carreras v. City of Anaheim, 768 F.2d 1039, 1050 (9th Cir.1985), abrogated on other grounds by Los Angeles Alliance for Survival v. City of Los Angeles, 22 Cal.4th 352, 93 Cal.Rptr.2d 1, 993 P.2d 334 (2000), and that the Supreme Court set forth in Maher v. Gagne, 448 U.S. 122, 132-33, 100 S.Ct. 2570, 65 L.Ed.2d 653 (1980), Plaintiffs are entitled to fees. The Supreme Court had the opportunity to decide the fee-generating claims and chose not to do so;[1] the policies identified in Carreras and *812 Maher, therefore counsel in favor of awarding fees.

. The Court's decision thereby leaves our opinion in Gerling Global Reinsurance Corp. of America v. Low, 296 F.3d 832 (9th Cir.2002), rev’d sub nom. American Insurance *812 Ass’n v. Garamendi, 539 U.S. 396, 123 S.Ct. 2374, 156 L.Ed.2d 376 (2003), with precedential effect on those issues.