**Alexis CASTILLO, Plaintiff—Appellant**

v.

**CITY AND COUNTY OF SAN FRANCISCO; Perry Hollis, Officer; Scannlan; Kastel; County of San Meteo; Ron Roth; David Smith; Sheryl Wolcott, District Attorney, Defendants—Appellees.**

No. 06–16087.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 12, 2008.

Filed June 24, 2008.

Cliff Weingus, McTernan, Stender & Weingus, San Francisco, CA, for Plaintiff–Appellant.

Robert A. Bonta, San Francisco City Attorney's Office, San Francisco, CA, David A. Silberman, San Mateo County

Counsel's Office, Redwood City, CA, for Defendants–Appellees.

Before: REINHARDT, NOONAN and FISHER, Circuit Judges.

MEMORANDUM *

Appellant Alexis Castillo ("Castillo") brought this action under 42 U.S.C. § 1983 against the City and County of San Francisco, the County of San Mateo, and several individual defendants ("appellees"), alleging false arrest in violation of the Fourth Amendment and California state law. The district court granted summary judgment to the appellees. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

To determine whether the officers had probable cause to arrest, we consider "whether at that moment the facts and circumstances within [the officers'] knowledge ... were sufficient to warrant a prudent man in believing that the petitioner had committed or was committing a criminal offense." *Beck v. Ohio,* 379 U.S. 89, 91, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964). A police officer's "subjective reason for making [an] arrest need not be the criminal offense as to which the known facts provide probable cause." *Devenpeck v. Alford,* 543 U.S. 146, 153, 125 S.Ct. 588, 160 L.Ed.2d 537 (2004); *see also id.* ("[A]n arresting officer's state of mind (except for the facts that he knows) is irrelevant to the existence of probable cause.")

■ We conclude that the police officers had probable cause to arrest Castillo for violating California Penal Code § 12020, which makes it a crime for a person to "carr[y] concealed upon his or her person any dirk or dagger." Although the statute is susceptible to some silly interpretations, Castillo concedes that the item found in his carry-on luggage could be construed as a "dirk" or "dagger" under the statute. The item was not found in his clothing or on his body, but some California courts have interpreted "concealed upon his ... person" to include items carried inside bags or suitcases. *See People v. Blackshire,* No. BA266368, 2006 WL 2948975 (Cal.Ct.App. Oct. 17, 2006); *cf. People v. Dunn,* 132 Cal.Rptr. 921 (Cal.App. Dep't Super. Ct.1976). Further, California courts have interpreted the definitional language in § 12020(c)(24), which states that the item must be "capable of ready use as a stabbing weapon," to refer to the item's intrinsic properties—such as whether it could be used as a stabbing weapon without intervening mechanical manipulation—and not its accessibility. *See People v. Luke W.,* 88 Cal.App.4th 650, 656, 105 Cal.Rptr.2d 905 (Cal.Ct.App.2001). Castillo does not dispute that the item was capable of ready use as a stabbing weapon in its unaltered state.

■ In the alternative, even if the officers lacked probable cause to arrest Castillo under California Penal Code § 12020, we conclude that they would be entitled to qualified immunity because it was not "clearly established" under California law that Castillo's actions were not criminal. *See Rodis v. City & County of San Francisco,* 499 F.3d 1094, 1100 (9th Cir.2007). Given that some of California's courts have given a broad construction to the language of § 12020, these courts "failed to provide

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

**538**

the officers in this case with the requisite level of guidance to put them on notice that [their conduct] in these circumstances" violated Castillo's Fourth Amendment rights. *See Boyd v. Benton County,* 374 F.3d 773, 783 (9th Cir.2004).

An objectively reasonable police officer could have believed Castillo was committing a criminal offense, and so there was probable cause to arrest him under the Fourth Amendment and California state law. Further, even if Castillo's rights were violated, the officers are entitled to qualified immunity because the law was not clearly established. Thus, the individual defendants are not liable under § 1983. Lastly, Castillo has not raised any issue of triable fact as to whether the entity defendants failed to train their officers in a way that showed "deliberate indifference" to his rights. *See Mateyko v. Felix,* 924 F.2d 824, 826 (9th Cir.1990).

**AFFIRMED.**

NOONAN, Circuit Judge, dissenting:

Qualified immunity is a court-created rule that protects the police from liability for violating the constitutional rights of other persons. It is a rule said not to protect "the plainly incompetent." *Morse v. Frederick,* —— U.S. ——, 127 S.Ct. 2618, 2640, 168 L.Ed.2d 290 (2007).

In our case Alexis Castillo, an employee of Air Train at San Francisco airport, was arrested by county police who believed he was committing the felony of carrying a box cutter or straight razor in a section of the airport off-limits to weapons.

What did the arresting officers know: that Castillo had a "full security clearance," that the FBI agent in charge of security at the airport would not have arrested him; that it was common practice to confiscate contraband detected by screening, not treat the possessor of the contraband as a felon engaged in his employment; and that Castillo had explained that he had no knowledge of the scissors wrapped within an unopened plastic covering of a brand-new shirt. It stretches my notion of competent police work to believe that on such facts a competent police officer would have thought it reasonable to arrest Castillo.

I respectfully dissent.