NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ESTATE OF GUSTAVO NAJERA, by and through successors in interest, Alejandro Najera and Maria Magdalena Pliego; et al.,<br><br>Plaintiffs-Appellants,<br><br>v.<br><br>CITY OF ANAHEIM and GERMAN ALVAREZ,<br><br>Defendants-Appellees. | No. 18-56057<br><br>D.C. No. 8:16-cv-01243-JLS-JCG<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Josephine L. Staton, District Judge, Presiding

Submitted November 4, 2019[**]
Pasadena, California

Before: MURGUIA and HURWITZ, Circuit Judges, and GUIROLA, JR.,[***] District Judge.

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]       The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]       The Honorable Louis Guirola, Jr., United States Senior District Judge for the Southern District of Mississippi, sitting by designation.

The Estate of Gustavo Najera and Najera's parents (collectively, "the Estate") brought this 42 U.S.C. § 1983 action against German Alvarez and the City of Anaheim after Alvarez, an Anaheim police officer, fatally shot Najera. After a jury found that Alvarez did not use excessive force, the district court entered judgment in favor of the defendants. We have jurisdiction over the Estate's appeal under 28 U.S.C. § 1291 and affirm.

1. The district court found that a prospective juror's statements during voir dire did not prejudice the jury pool, characterizing the statements as describing only "indirect" contacts with Alvarez and "his professionalism in a general sense." We give "special deference to the district court's analysis," *Price v. Kramer*, 200 F.3d 1237, 1255 (9th Cir. 2000), and find no abuse of discretion.

2. The district court did not abuse its discretion in concluding that defense counsel's reference to Najera's intoxication on the night of the shooting was not misconduct that "so permeated the trial that the jury was necessarily prejudiced." *Kehr v. Smith Barney, Harris Upham & Co., Inc.*, 736 F.2d 1283, 1286 (9th Cir. 1984). The single reference to Najera's intoxication occurred after four days of evidence and during "closing argument, rather than throughout the course of the trial," and any misconduct was thus "isolated, rather than persistent." *Id*. The district court also repeatedly instructed the jury that the arguments of counsel were

2

not evidence. *See Mateyko v. Felix*, 924 F.2d 824, 828 (9th Cir. 1990).[1]

3. The district court did not abuse its discretion in allowing defense counsel to briefly examine Alvarez about his military background. *See* Fed. R. Evid. 401 advisory comm. note to 1972 amendment ("Evidence which is essentially background in nature can scarcely be said to involve disputed matter, yet it is universally offered and admitted as an aid to understanding.").

4. The district court did not plainly err in denying a new trial because of defense counsel's arguments in closing describing this as "a serious case because plaintiffs are questioning the integrity of Officer Alvarez," and requesting that the jury not "sully this good man's name." *See Settlegoode v. Portland Pub. Sch.*, 371 F.3d 503, 518 (9th Cir. 2004).

**AFFIRMED**.

---

[1] The Estate's reliance on an online post referencing Najera's intoxication from a poster who claimed to be the wife of a juror is unavailing. Even assuming that the blog post is admissible, *cf.* Fed. R. Evid. 606(b)(2)(A), the district court did not abuse its discretion in finding it insufficient to establish juror reliance on extraneous information.