**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 23 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SHARI FERREIRA, individually and as beneficiary of and successor in interest to the estate of: deceased Zachary Daughtry, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> PAUL PENZONE; COUNTY OF MARICOPA; JEFFREY ALVAREZ, <br><br> Defendants-Appellees. | No. 18-16109 <br><br> D.C. No. 2:15-cv-01845-JAT <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
James A. Teilborg, District Judge, Presiding

Argued and Submitted December 5, 2019
San Francisco, California

Before: SILER,[**] CLIFTON, and BYBEE, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

Plaintiff-Appellant Shari Ferreira appeals following a jury trial in her civil case against Maricopa County and two of its officials.  After her son, Zachary Daughtry, a pretrial detainee in a Maricopa County jail, was killed by his cellmate, she alleged that the defendants had deprived him of a constitutional right under 42 U.S.C. § 1983 and were grossly negligent under Arizona state law.  The jury found the defendants not liable for Daughtry's death.  Ferreira appeals several rulings by the district court excluding evidence, as well as its failure to grant her motion for a mistrial.  We affirm.

We review a district court's evidentiary rulings for an abuse of discretion. *See, e.g.*, *Wagner v. Cty. of Maricopa*, 747 F.3d 1048, 1052 (9th Cir. 2013).  A district court abuses its discretion if its ruling is "illogical, implausible, or without support in inferences that may be drawn from the record." *United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009).  To reverse on the basis of an erroneous evidentiary ruling, we must conclude not just that the district court abused its discretion, but also that the error was prejudicial. *See Wagner*, 747 F.3d at 1052.

The district court excluded factual findings made by a different judge in a separate, longstanding litigation against various Maricopa County officials—as well as details about an expert report submitted in that case—finding them to be

2

too general to support Ferreira's theory of liability. It also excluded information about the previous deaths of inmates in Maricopa County jails, finding them to be too dissimilar from Daughtry's case to be admissible under Fed. R. Evid. 403.[1] It also sustained objections to questions to witnesses about whether the defendants conducted internal reviews after Daughtry's death, and to admission of a photograph of Daughtry's cell taken after his death. After considering the reasons given by the district court for its rulings, we conclude that the court did not abuse its discretion.

We also review a district court's denial of a motion for mistrial for an abuse of discretion. *United States v. Segal*, 852 F.2d 1152, 1155 (9th Cir. 1988). In closing, defendants' counsel made comments about the approach of Ferreira's attorneys that were inappropriate, ad hominem, and possibly false. The district court declined to grant Ferreira's motion for a mistrial based on these remarks, noting that her attorneys had made statements about the conduct of the defendants' lawyers during trial that might have been similarly inappropriate. Trial courts are in a "better position than we to gauge the prejudicial effect of improper comments." *Mateyko v. Felix*, 924 F.2d 824, 828 (9th Cir. 1990). After reviewing

---

[1] On appeal, Ferreira has moved for the panel to take judicial notice of the fact of two jury verdicts in two cases resulting from the inmates' deaths. We deny the motion.

the record, we conclude that the district court did not abuse its discretion in so ruling.

**AFFIRMED.**