Filed 10/30/23  Valencia v. Board of Registered Nursing CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| JANET ANNE BAENA VALENCIA,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>BOARD OF REGISTERED NURSING,<br><br>Defendant and Respondent. | A164976<br><br>(Contra Costa County Super. Ct. No. N18358) |

**MEMORANDUM OPINION**[1]

Appellant Janet Anne Baena Valencia obtained mandamus relief from the trial court requiring the Board of Registered Nursing (BRN) to vacate certain discipline imposed by BRN against her nursing license, and now appeals the denial of her post-judgment application for an award of attorney's fees.  We see no abuse of discretion and shall affirm.

This is the second appeal arising out of Valencia's dispute with BRN over the discipline imposed against her license.  In the first appeal, resolved

---

[1] We conclude this matter is proper for disposition by memorandum opinion in accordance with the California Standards of Judicial Administration, section 8.1. (See Ct. App., First Dist., Local Rules, rule 19, Abbreviated opinions.) We therefore recite the facts only as necessary to resolve the issues on appeal.

1

by unpublished opinion in May 2021 (*Valencia v. Board of Registered Nursing* (May 28, 2021, A159249) [2021 WL 2177046] (*Valencia I*)), Valencia challenged the grounds on which the trial court ruled in her favor when it issued the writ, arguing that the court did not go far enough. She asked us to uphold the grant of writ relief, but on broader grounds than the trial court adopted. In this second appeal, rather than repeat the full factual and procedural background, we will assume familiarity with the background as recited in *Valencia I*.

Stated in summary, Valencia argued in *Valencia I* "that, by making its [discipline] decision immediately effective, the BRN cut off her right to seek reconsideration and impaired her right to seek judicial review, thus violating due process rights and abusing its discretion. Valencia also argued that, because the alleged medication error was neither an error she personally made nor did it occur in the course of her duties as a registered nurse, the discipline imposed went beyond the BRN's statutory authority." (*Valencia I*, *supra*, A159249 [2021 WL 2177046 at p. *3].) In addition, she attacked the standard of review applied by the trial court on writ review. She argued that we should extend the California Supreme Court's then recent decision in *Conservatorship of O.B.* (2020) 9 Cal.5th 989, and hold that, in applying substantial evidence review in a writ of mandate proceeding, the trial court mistakenly determined that BRN's clear and convincing burden of proof was "irrelevant." None of these issues was outcome-determinative. If we had agreed with Valencia on any of them, "[s]he would still have prevailed, but based on different reasoning." (*Valencia I*, *supra*, A159249 [2021 WL 2177046 at p. *3].)

We declined to address the merits of any of the claimed errors in *Valencia I*. Because Valencia obtained full relief in the trial court and sought to appeal a judgment on which she was the prevailing party, we dismissed

her appeal for lack of justiciability. (*Valencia I*, *supra*, A159249 [WL 2177046 at p. *4–*6].) We "conclude[d] that th[e] appeal [was] being pursued as a means to pave the way for later collection of attorney fees by her counsel," and held that that was "insufficient to establish aggrievement under Code of Civil Procedure section 902." (*Id.* at p. *5.) We declined to state any "view as to the issue of entitlement to attorney fees," but "simply conclude[d] that," on the record presented, "Valencia [was] not an aggrieved party entitled to appeal a judgment entered in her favor." (*Ibid.*) "The issues raised in this case must await decision in some future case presenting a justiciable controversy," we explained. (*Ibid.*)

On remand, Valencia elected to litigate the attorney's fees issue we left open in *Valencia I*. The trial court declined to award fees under either Code of Civil Procedure section 1021.5 or 42 U.S.C. section 1988. For purposes of Code of Civil Procedure section 1021.5, the court reasoned that Valencia "did not successfully vindicate an important public right or confer a benefit on a large class of persons or demonstrate the necessity of private enforcement for the public good." For purposes of 42 U.S.C. section 1988, the court ruled that Valencia "has failed to establish that she succeeded in bringing a civil rights action substantial enough to support federal jurisdiction." Noting that Valencia did not plead a federal claim in her writ petition, the court also ruled that "it would be unfair and prejudicial to [BRN] to belatedly consider" a fee award under 42 U.S.C. section 1988 "solely on the fee motion."

"An appellate court may reverse a trial court decision denying attorney fees under [Code of Civil Procedure] section 1021.5 for a prejudicial abuse of discretion." (*City of Sacramento v. Drew* (1989) 207 Cal.App.3d 1287, 1297.) "If the trial court is mistaken about the scope of its discretion, the mistaken position may be 'reasonable', i.e., one as to which reasonable judges could differ. . . . But if the trial court acts in accord with its mistaken view the

3

action is nonetheless error; it is wrong on the law. [¶] . . . The pertinent question is whether the grounds given by the court for its denial of an award are consistent with the substantive law of section 1021.5 and, if so, whether their application to the facts . . . is within the range of discretion conferred upon the trial courts under section 1021.5, read in light of the purposes and policy of the statute." (*Id*. at pp. 1297–1298.) Denials of fee awards under 42 U.S.C. section 1988 are similarly reviewed for abuse of discretion. (*McFadden v. Villa* (2001) 93 Cal.App.4th 235, 237.)

We cannot say the trial court abused its discretion in denying fees under either Code of Civil Procedure section 1021.5 or 42 U.S.C. section 1988. Nothing in the trial court's order denying Valencia's fee application states the law incorrectly, and the court's assessment of how the relevant legal criteria apply to the facts presented was within the ranges of discretion respectively conferred by these statutes.

Valencia attempts to interpret our opinion in the prior appeal as an endorsement of the legal positions she took there. She does this, apparently, in an effort to ascribe greater significance to what she achieved in these writ proceedings than is actually the case. But she seems to overlook the fact that we dismissed her earlier appeal and declined to make new law in the manner she urged us to do. We did not view the case then, and we do not view it now, as a matter having much significance beyond the particulars of Valencia's fact-specific situation. She prevailed in righting what she argued was an injustice to her personally, but in doing so she failed to obtain a result significant enough to the public more broadly to warrant a fee award under Code of Civil Procedure section 1021.5.

We also think the trial court was within its discretion to reject Valencia's fee application under section 42 U.S.C. section 1988, both (1) because her writ petition was not framed or litigated as a federal civil

4

rights claim (*Board of Administration v. Wilson* (1997) 57 Cal.App.4th 967, 974), and (2) to the extent the writ petition can be construed in retrospect as having raised such a claim, it would be unfairly prejudicial to force BRN to respond to a fee claim based on a federal statutory theory that was expressly articulated only after the administrative record closed.  We decline to address the merits of an issue the trial court never had an opportunity to address in the first instance on what BRN may view as an incomplete record.

## DISPOSITION

Affirmed.  Costs shall be awarded to BRN.

STREETER, J.

WE CONCUR:

BROWN, P. J.
GOLDMAN, J.

5